(52 South. 216.)

No. 18,033.

STATE v. TENSAS DELTA LAND CO., Limited.

(March 28, 1910. On Application for Rehearing, April 25, 1910.)

(Syllabus by Editorial Staff.)

1. APPEAL AND ERROR (§ 878*)—REVIEW—APPEAL FROM JUDGMENT OF DISMISSAL.

Where plaintiff appeals from a judgment of dismissal, and defendant files no answer asking that the lower court's action in entertaining jurisdiction be also reviewed, such question cannot be considered, and the only subject open to review is the correctness of the dismissal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3573–3580; Dec. Dig. § 878.*]

2. LEVEES (§ 11*)—DISTRICT LANDS—IMPROPER SALE—SUIT TO AVOID—PARTIES.

Const. art. 239, authorizes the Legislature to create levee districts and to provide for levee commissioners to have charge of the levees of the district. Act No. 59 of 1886 created the Tensas Basin levee district, and provided that lands within the district "shall be and hereby are given, * * * conveyed and delivered" to the board of commissioners thereof, and that a deed thereof should be made to the board upon the registry of which the title to such lands with possession thereof should vest absolutely in the board of commissioners, its successors or grantees, with power to sell or otherwise dispose of such lands. The board was also given power to sue and be sued as to all matters relating to their trust. Held, that the board of commissioners could sue to annul an alleged fraudulent sale of such lands by the members of the board and other district officers, and it not appearing that the board had failed or was unwilling to sue, and no co-ordinate power being given the Governor or Attorney General to sue respecting such lands, a suit for such purpose in the name of the state was unauthorized.

[Ed. Note.—For other cases, see Levees, Dec. Dig. § 11.*]

Breaux, C. J., and Nicholls, J., dissenting.

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Action by the State against the Tensas Delta Land Company, Limited. Judgment of dismissal, and plaintiff appeals. Affirmed.

Walter Guion, Atty. Gen., and C. J. Ellis, Dist. Atty. (George Wesley Smith and R. G. Pleasant, of counsel), for the State. Farrar, Jonas, Goldsborough & Goldberg and Potts &. Bernstein, for appellee.

PROVOSTY, J. Article 214 of the Constitution of 1879 (article 239 of the present Constitution) authorized the Legislature to create levee districts, and to provide for the appointment or election of levee commissioners, who should have charge of the levees of the district; and article 46 of said Constitution (article 48 of the present Constitution) provided that the prohibition against the creation of corporations by special act should not apply to the organization of levee districts. By Act 59 of 1886, the Legislature created the Tensas Basin levee district; that is to say, provided that certain territory, whereof it fixed the limits, should constitute a levee district by that name. And it provided for the appointment of a board of levee commissioners to have charge of the affairs of said levee district; constituted said board a corporation, with all the powers usual to corporations, such as to make contracts, to sue and to be sued, etc.; endowed it with certain special powers, such as to levy taxes, to issue bonds, etc.; and made it a donation of all the public, or state, lands within the limits of the district, specifying that the donation was made for the purpose of providing the district with funds where-

with to carry out the purposes of its creation. The language of the act is that the lands "shall be and hereby are given, granted, bargained, donated, conveyed and delivered" to the said board of commissioners, and that the State Auditor and the Register of the State Land Office shall make out a deed to the lands in favor of the board, and that upon the registry of the said deed "the title to said lands, with the possession thereof, shall from thenceforth vest absolutely in said board of levee commissioners, its successors or grantees." The act provided further:

"Said board shall have the power and authority to sell, mortgage, pledge or otherwise dispose of said lands in such manner and at such times and for such prices as to said board shall seem proper."

The present suit has been brought by the Attorney General in the name of the state.

The petition, after very full allegations of the provisions of said act, proceeds to allege that the commissioners of said district and certain of the other officers of the district (not named) and the defendants (nine in number, all of them alleged to be nonresidents of this state) entered into a fraudulent conspiracy, whereby all the lands of the said district should be sold to the defendants for a nominal consideration; and that, in furtherance of said conspiracy, the defendants organized, under the laws of the state of Michigan, a limited liability partnership by the name of the Tensas Delta Land Company, Limited; and, in consummation of said conspiracy, the said levee board, on November 9, 1898, executed a deed in favor of said company to all the lands of said levee district—some 885,000 acres—for $130,000, although the said lands were worth at that time at least $500,000.

The petition alleges further that:

"By the said fraudulent and corrupt dealings the inhabitants, citizens, and property owners of said levee district and your petitioner have been injured and damaged, and that it is the duty of the Attorney General to take appropriate action through the courts to annul the said fraudulent sale, and to recover for the inhabitants, citizens, and taxpayers of the said levee district, and for your petitioner, the said lands."

The petition further alleges that the said Tensas Delta Land Company has sold to third persons certain of said lands (describing them) and has received the price of said sales, amounting to $83,355. That there yet remains unsold in the hands of said company 569,680 acres of said lands (describing them), worth fully $8 per acre.

The petition further avers that the said sale of said lands to the Tensas Delta Land Company, besides being fraudulent, corrupt, and illegal, was a mere disguised donation, and is null for that reason, and for the further reason of lesion beyond moiety.

The prayer is for citation of the Tensas Delta Land Company, and of the individuals composing said company, through a curator ad hoc, and for judgment annulling the said sale to said company and "decreeing and recognizing the state of Louisiana to be the owner" of all of said lands yet remaining unsold in the hands of said company, and condemning said company to pay petitioner $83,355, being the price received by said company for those of said lands of which it has disposed, with 5 per cent. per annum interest, etc.

And, in the alternative, should said sale to said company be held not to have been fraudulent, that the same be annulled as having been a disguised donation; and, in further alternative, should said sale be held not to have been a donation, that the same be annulled for lesion beyond moiety.

And for general relief.

To that petition the defendants filed the following exceptions and answer:

"Now, comes James D. Lacey, S. Wood Beal, Thomas Hume, Thomas Friant, Joseph J. Tucker, T. Stewart White, James R. Wylie, Charlotte C. Luce, Morton H. Luce, each and all citizens of the state of Wisconsin; Anton G.

Hodenpyl, a citizen of the state of New York; George N. Garvey, a citizen of the state of Tennessee; Gregory M. Luce, a citizen of the state of Alabama; and Victor Thrane, a citizen of Illinois—associated and doing business together as a limited partnership under the laws of the state of Michigan, and under the name and style of 'Tensas Delta Land Company, Limited,' and by such designation made defendants in this cause, and being now and at the time this suit was brought the sole and only members of said partnership, and make this appearance simply and solely for the purposes of this exception, and for exception to so much of the petition of the plaintiff as asks for the appointment of a curator ad hoc, and to the order of the court appointing T. H. McGregor curator ad hoc to represent these defendants; and, without submitting themselves to the jurisdiction of this court for any other purpose whatsoever for ground of such exception, say that these appearers are now, and always have been, since 1898, represented in the state of Louisiana by an agent and attorney, Hon. F. G. Hudson, whose domicile is in the parish of Ouachita; that since that date these defendants have maintained, and now maintain, an office for the transaction of their business in the town of Monroe, in the parish of Ouachita; that public notice of the establishment of this agency and of this office has been published in the official journals of every parish embraced in the Tensas Basin levee district; that these facts were well known to the plaintiff; and that the averment in said petition that these defendants are absent and unrepresented in this state were falsely and fraudulently made for the purpose of giving this court jurisdiction of this cause.

"Wherefore, defendants pray that this exception may be maintained and the appointment of said T. H. McGregor as curator ad hoc to represent these defendants may be canceled, and the services upon him as the representative of these defendants may be quashed and declared null and void.

"And in case the above exception is overruled, and not otherwise, these defendants, under protest and reserving the benefit of said exception and the limited appearance therein made, except and say:

"First. That they cannot be brought into this court and made defendants by substituted service to answer the demand set up in the petition for the recovery of the sum of $83,355.03, with 5 per cent. annual interest, being the price alleged to have been received by these defendants for the lands sold by them, because said demand is a personal demand against these defendants, and the prosecution of such a demand against these nonresident defendants by substituted service is in violation of the fourteenth amendment to the Constitution of the United States.

"Second. That if the state has any right, power, interest, or authority to prosecute and maintain this action herein instituted against these defendants, which right defendants deny, then such prosecution can be had and maintained, not in her sovereign capacity and for her

purpose as a sovereign state, but only for the sole use and benefit of the 'Board of Levee Commissioners of the Tensas District,' a corporation organized under the laws of the state of Louisiana, and as such a citizen of the state of Louisiana and an inhabitant of the Western district of Louisiana; and that in such capacity the state is merely a nominal party, and the real party in interest is the said 'Board of Levee Commissioners of the Tensas Basin Levee District.'

"And defendants aver that this suit is sought to be prosecuted by the state as a nominal party for the sole use and benefit of said Board of Levee Commissioners of the Tensas Basin Levee District, and aver that it cannot have and maintain such an action in such capacity for the following reasons, to wit:

"(a) That the state has not tendered or offered for and on account of said board to repay to defendants as condition precedent of this action the $130,000 and interest at 5 per cent. per annum from the date of each payment of the installments thereof paid by these defendants as the purchase price of said lands, nor the taxes and the interest thereon at 5 per cent. per annum from date of the payment thereof, paid by these defendants for the past 11 years to the state, to the board aforesaid, and to the parishes and school districts in which said lands are situated, the amount of which taxes and interest are well known to the state, and which exceed in amount the sum of $300,000, nor the necessary expenses of preservation of said property, and defendants plead this want of tender in bar of plaintiff's demand.

"(b) That said action is barred by the prescription of one and of ten years in regard to so much of said action as seeks to annul said sale for fraud and as a disguised donation, and by the prescription of four years as to so much of said action as seeks to set aside said sale for lesion beyond moiety, and defendants plead said prescription in bar of plaintiff's demand.

"And in case all of the above exceptions are overruled, and not otherwise, defendants, with full reservation of all of their rights as above set forth, and particularly their limited appearance, and under protest, further plead and say:

"First. That, if it is claimed that this action is brought by the state in her sovereign capacity, then she has no right, power, or authority to prosecute and maintain this action in such capacity, and her petition sets forth no cause of action.

"Second. That, if the state has any authority to prosecute this action in her sovereign capacity as a state, then the Board of Levee Commissioners of the Tensas Basin Levee District is an absolutely necessary party to this action.

"Third. That the state, having created the corporation known as the Board of Levee Commissioners of the Tensas Basin Levee District, and given it full power to sue and be sued, and vested in it full title to the lands granted to it, and full power to sell and dispose of said lands sold by the said board to these defendants, thereby

authorized the said board to contract with these defendants in regard to said lands and to sue to recover the same, and, such contracts being made subject to and in accordance with the powers so granted by the state, it is a violation of that clause of the Constitution of the United States which prohibits any state from impairing the obligation of a contract, and also a violation of the fourteenth amendment of the Constitution of the United States, inasmuch as this defendant is deprived of its property without due process of law, for the state to bring this action in her sovereign capacity as a state, disregarding and violating the charter of the said Board of Levee Commissioners of the Tensas Basin Levee District, and the rights and remedies of these defendants growing out of the contract made by these defendants with said board, by which action of the state these defendants are cut off from the following material and complete defenses to any action brought under the contract aforesaid by said board to set aside the sale of said lands, to wit:

"(a) The prescription of one and ten years against the action to annul said sale for any alleged fraud or as a disguised donation.

"(b) The prescription of four years against so much of said action as seeks to set aside said sale on the ground of lesion beyond moiety.

"(c) The right to demand of their vendor as a condition of any action to annul said sales the tender of the $130,000 paid as the purchase price of said lands, with interest from the date of the payment, and the tender of the taxes paid by defendants on said land with interest, which taxes and interest exceed the sum of $300,000.

"(d) The right to demand from their vendor the necessary expense of preservation of said property, which necessary expenses exceed the sum of $25,000.

"(e) All other defenses personal and peculiar to the relations between the parties as vendor and vendee.

"Fourth. That the action of the state in bringing this suit in her sovereign capacity, if she claims that it is so brought, to recover the lands at issue herein, without tendering or offering to repay to these defendants the $130,000, with interest, admitted to have been paid by the defendants to the said levee board, the taxes and interest thereon paid by these defendants to the state and to her subordinate divisions, and the necessary costs of preserving the property, is a taking of defendant's property without due process of law, in violation of the fourteenth amendment to the Constitution of the United States.

"And in case all of the above exceptions are overruled, and with full reservation of all their rights under the said exceptions, and particularly their limited appearance, defendants aver and plead that the plaintiff's allegations of fraud, misconduct, collusion, and evil-doing set up in the said petition in respect of said sale are so vague, general, insufficient, and inadequate that defendants cannot be called on to answer the same.

"Wherefore, defendants pray that these ex-

ceptions may be considered maintained in the respective order in which they are filed, and that the appropriate judgment may be entered accordingly as they are maintained."

On the same day, and at the same time at which the above exceptions were filed, the defendants filed the following petition to remove the cause to the United States Circuit Court for the Western District of Louisiana:

"The petition of James D. Lacey, S. Wood Beal, Thomas Hume, Thomas Friant, Joseph J. Tucker, T. Stewart White, James R. Wylie, Charlotte C. Luce, Morton H. Luce, each and all citizens of the state of Michigan; John C. Ruge, a citizen of the state of Wisconsin; Anton G. Hodenpyl, a citizen of the state of New York; George N. Garvey, a citizen of the state of Tennessee; Gregory M. Luce, a citizen of the state of Alabama; and Victor Thrane, a citizen of the state of Illinois—associated and doing business together as a limited partnership under the laws of the state of Michigan and under the name and style of 'Tensas Delta Land Company, Limited,' with due respect showeth:

"That your petitioners are now, and were at the time this suit was brought, respectively citizens of the states of Michigan, Wisconsin, Illinois, New York, Alabama, and Tennessee, as above particularly and in detail set forth, and nonresidents of the state of Louisiana.

"That this action, while prosecuted in the name of the state of Louisiana, is prosecuted for the sole use and benefit of the 'Board of Levee Commissioners of the Tensas Basin Levee District,' a corporation created by Act No. 59 of the Acts of the Legislature of the State of Louisiana for the year 1886, and as such a citizen of the state of Louisiana, and domiciled at Rayville, in the parish of Richland, in the jurisdiction of the Circuit Court of the United States for the Western District of Louisiana, at Monroe, and an inhabitant of said district, which is the district covering the parish of Richland, in the courts of which this suit has been brought, and is now pending. That, being so prosecuted, the state of Louisiana is a nominal party, and the real plaintiff in interest is the said Board of Levee Commissioners of the Tensas Basin Levee District.

"That the object of said suit is to recover from your petitioners, for the sole use and benefit of said levee board, a large body of land, situated in the parish of Richland, sold to petitioners by said levee board, which had full and complete ownership of said lands and power to sell the same, and to recover large sums of money received by your petitioners from the sale by them of part of said lands so bought from the said levee board; the said suit constituting a civil suit, and the amount in dispute exceeding the sum of $2,000, exclusive of interest and costs.

"That said suit is prosecuted by the state of Louisiana in her own name on causes of action

arising out of the contract of purchase and sale of said lands, which causes of action accrue only and solely to said levee board (that board and your petitioners being the sole parties to said contract of sale), and is so prosecuted by the state for the wrongful and fraudulent purpose of attempting to deprive your petitioners, who are citizens of states other than the state of Louisiana, of which state the said levee board is a citizen, of the right to remove said cause into the courts of the United States, where they have a legal and constitutional right to have the said cause heard, and also of the right to make defenses to the said action, which would defeat the same if brought in the name of said levee board, in violation of paragraph 1 of section 10 of article 1, and of the fourteenth amendment of the Constitution of the United States.

"That said suit not only is a civil controversy or suit between citizens of different states, which would originally have been brought in the Circuit Court of the United States for the Fifth Circuit and Western District of Louisiana at Monroe, but the said civil controversy is a case arising under the fourteenth amendment to the Constitution of the United States and under paragraph 1 of section 10 of article 1 of the Constitution of the United States, and that on either or both of these grounds your petitioners are entitled to remove said cause into the Circuit Court of the United States for the Fifth Circuit and Western District of Louisiana at Monroe, and desire so to remove the same.

"Wherefore, your petitioners herewith offer bond in the sum of $1,000 with good and sufficient security for the entering in said Circuit Court of the United States on the first day of its next session a copy of the record in this cause, and for paying all costs that may be awarded by said Circuit Court if said court shall decide that the case was improperly removed thereto; and your petitioners pray that this honorable court will proceed no further herein, except to make an order for the removal of this cause to the Circuit Court of the United States, and to accept said surety and bond, and to cause the record herein to be removed into said Circuit Court of the United States for the Fifth Circuit and Western District of Louisiana at Monroe; and your petitioners will ever pray."

This petition was sworn to by the resident agent of the petitioners, and was accompanied by a bond for $1,000.

On November 16th the judge of the court entered an order in these proceedings, approving and accepting the bond and taking the order for removal under advisement.

The defendants filed a copy of the record in the United States Circuit Court, and on December 6, 1909, the Attorney General, acting for the state, appeared in that court and filed a motion to remand the cause to the state court; and on December 15, 1909, filed an amended motion to remand.

On December 16, 1909, the state appeared in this cause in the state court and filed its protest and objection to the removal of said cause to the federal court, and prayed the court to refuse to enter an order of removal, to retain its jurisdiction, and to proceed to trial.

On the same day the Attorney General was heard on this protest, and the court entered an order refusing the order of removal. The court then, over the protest of the defendants, ordered the exceptions taken up, and, after argument by the Attorney General, maintained the exceptions to the right of the state to bring the suit, declining to pass on any of the other exceptions, and reserving the defendants' rights to all of such exceptions. The state has appealed.

In this court the defendants and appellees have filed the following motion to dismiss:

"Now comes the defendants and move the court to dismiss the appeal of the state in this cause, and for ground of dismissal aver:

"That this court has no jurisdiction of said appeal for the reason that this cause was removed by the defendants into the Circuit Court of the United States for the Fifth Circuit and Western District of Louisiana on the 15th day of November, 1909, by the filing in the Seventh judicial district court, for the parish of Richland, a petition and bond for a removal, which bond was approved by the said court.

"That thereafter on December 6, 1909, after the transcript in said cause had been filed in the said United States Circuit Court, the state of Louisiana appeared in said United States Circuit Court in said cause and filed a motion to remand said cause to the state court, and thereafter on December 15, 1909, appeared in said cause and filed an amended motion to remand, all of which will more particularly appear by certified copies of said motions to remand, hereto annexed and made part of this petition for reference and proof in support of this motion.

"That on December 16, 1909, after the appearances aforesaid in the United States Circuit Court, the state, through the Attorney General, appeared in the said Seventh judicial district court and filed a protest and objection to the removal of this cause to the United States Circuit Court aforesaid, and prayed the said Seventh judicial district court to refuse

to enter an order removing this cause to said Circuit Court and to retain its jurisdiction of this cause.

"That thereupon the said court, against the protests of defendants, entered an order refusing to transfer this cause to the United States, and took up and tried one of defendants' exceptions. i. e., 'to the right of the state to bring this action,' and dismissed the suit of the state.

"That the whole action of the court in this matter after November 16, 1909, was coram non judice, and void, and this court has no jurisdiction to entertain an appeal from said action by the said Seventh judicial district court.

"Wherefore, defendants pray that this appeal may be dismissed."

A certified copy of the motion of the Attorney General in the United States Circuit Court to remand the cause to the state court is made part of this motion to dismiss. It reads as follows:

"And now comes plaintiff, the state of Louisiana, through the Attorney General of said state, Walter Guion, Attorney General, her attorney and solicitor, and moves and petitions this honorable court to remand this cause to the honorable Seventh judicial district court for the state of Louisiana, in and for the parish of Richland, from which court it was attempted to be removed, for the reason that said cause has been, and is, improperly removed to this honorable court, because this court has no jurisdiction of this suit and action under said attempted removal, and is without jurisdiction to hear and determine the same, for that said suit is a suit brought by the state of Louisiana, the real and actual plaintiff and the party in interest, as plaintiff, and because as such plaintiff, the state of Louisiana, a sovereign state, cannot be brought into, impleaded in, or made a party to this or any suit or cause in this honorable court or any other court of the United States.

"Second. Because this suit is not prosecuted for the use and benefit of the Board of Commissioners of the Tensas Basin Levee District, which is not interested as a plaintiff therein, and which has no pecuniary, proprietary, or other interest in any of the matters and issues involved in said suit as plaintiff, and is, in no way, concerned with, or interested as plaintiff in, the demand contained in the petition filed in said suit in the honorable Seventh judicial district court for the state of Louisiana and parish of Richland.

"Third. That this suit is not one arising under the Constitution of the United States, and that it does not appear by or from the allegations contained in the petition filed herein by plaintiff, and in the statement of the cause of action and claim of plaintiff therein set out, that this suit arises, or that it involves a con-

troversy, under the Constitution of the United States or the amendments thereto.

"Fourth. Because it appears by the record in this case that defendant, the Tensas Delta Land Company, Limited, did, on the same day that it filed in the Seventh judicial district court for the state of Louisiana and parish of Richland the petition filed by it to remove this suit to this honorable court, to wit, the 15th of November, 1909, file certain exceptions to that suit in the aforesaid state court, which, if the same should be maintained by that court, would cause the dismissal of said suit and absolutely defeat the action and suit of plaintiff, the state of Louisiana, and that by filing the same, as was done, defendant accepted and acknowledged the jurisdiction of the aforesaid state court, and by filing said exceptions estopped itself from asking to remove this cause to this honorable court, even if it had a right to do so, which is denied.

"Fifth. That defendant, the Tensas Delta Land Company, Limited, cannot remove this suit to this honorable court on the ground, as contended by it in its petition for removal, that the Board of Commissioners of the Tensas Basin Levee District is and ought to be the real and actual plaintiff herein, for the reason that said Board of Commissioners of the Tensas Basin Levee District could not be heard in this, or any other court, to bring a suit, such as is the present suit, for the reason that the averments of the petition in said suit set out that said Board of Commissioners of the Tensas Basin Levee District was guilty of fraud and corruption, and that it colluded and connived with defendant, the Tensas Delta Land Company, Limited, in bringing about the sales sought to be set aside by plaintiff, in, through, and by means of said suit, and that it could not be heard to allege the grounds for setting aside said sale and for the relief asked by plaintiff, the state of Louisiana, which are fully set out in the petition filed by plaintiff in the Seventh judicial district court of the state of Louisiana for the parish of Richland.

"Sixth. That if it be necessary that said Board of Commissioners of the Tensas Basin Levee District should be made parties to this suit, which, however, is denied, they should be made parties thereto as defendants as contended for by defendant, the Tensas Delta Land Company, Limited, in the exceptions filed in the district court for the state of Louisiana, and forming a part of the record filed in this honorable court, and, if so, said board would be a necessary and indispensable party defendant, and being a resident and citizen of the state of Louisiana, and the members thereof being all citizens and residents of the state of Louisiana, no removal of this suit could be accomplished, since defendant, the Tensas Delta Land Company, Limited, and the members thereof, are all citizens of other states than the state of Louisiana, and, therefore, this honorable court could not hear and determine the same.

"Wherefore, plaintiff prays that this cause may be remanded to the honorable Seventh ju-

dicial district court for the state of Louisiana in and for the parish of Richland, to be there proceeded with according to the practice governing such cases."

In support of the motion to dismiss, the learned counsel for appellee argue that the lower court ceased to have jurisdiction as an effect of the proceedings for removal, and that therefore this court has no jurisdiction. The present appeal was taken from the judgment dismissing the suit. Thereby only one question was brought up to this court for review, namely, the correctness, vel non, of the action of the lower court in dismissing the suit. No other question having been brought up, none other is presented for decision. Appellee might have enlarged the scope of the appeal by filing an answer asking that the action of the lower court in entertaining jurisdiction should also be reviewed; but appellee has not done so. Argument on that question, therefore, is not to the purpose; the question not being before the court.

On the merits, the Attorney General insists in his brief, as he had previously done in his motion to remand, filed in the United States Circuit Court:

"That said suit is a suit brought by the state of Louisiana, the real and actual plaintiff and the party in interest. * * * And is not prosecuted for the use and benefit of the Board of Commissioners of the Tensas Levee District, which is not interested as a plaintiff therein, and which has no pecuniary, proprietary, or other interest in any of the matters and issues involved in said suit as plaintiff, and is, in no way, concerned with, or interested as plaintiff in, the demand contained in the petition filed in said suit."

If so, then the defendants' exception of no cause of action was properly sustained, because, most assuredly and beyond all question, the Legislature has divested the state absolutely of all beneficial interest in said lands, and transferred same to the said board of levee commissioners. It is impossible to read the said act 59 of 1886 herein-

above quoted, and come to any other conclusion.

The argument that the said board is nothing more than a mere agency or instrumentality of the state, and that therefore the state may sue in every case where the said board might sue, contains a manifest non sequitur. Every city, town, and parish of the state is a mere agency or instrumentality of the state; but no one would venture to say that the Attorney General could ignore the existence of these corporations and enforce, in the name of the state, any cause of action which any of them might have.

The legislative control over corporations of the character of this levee board is much more complete than over municipal corporations proper and parishes—it made them, and can at any time abolish them, so long as the obligations of their contracts are not thereby impaired—but these corporations have their existence and exercise their functions by and under the Constitution and statutes of the state, and so long as these established laws remain in force it is they which must regulate the property and other rights of said corporations and their modes of action, and the disposition of their property, and their rights to sue and to be sued. If one of these corporations has a right of action, the proper functionary to enforce same is the governing body of the corporation, and not the Attorney General, or the state.

Again, it is true that if the governing body of one of these corporations fails in its duty to bring a suit which clearly it ought to bring, the courts may (only, however, under highly exceptional circumstances) allow any citizen or taxpayer of the district to bring the suit; and, in such a case, the same privilege might for the same reason be extended to the state; but nothing of that kind is pretended in this case. There is no suggestion that the board of commissioners of the

district has failed to bring suit, or is unwilling to do so. In fact, this court knows the contrary from the public prints.

Moreover, the prayer of a suit of that kind would have to be that the property be returned to the levee board to be disposed of as directed by the Legislature; whereas, the prayer of the present suit is, distinctly, that the property be decreed to belong to the state and be delivered to the state, and the prayer has been given that form designedly—so the Attorney General informs the court. The effect of granting this prayer would be to take away these lands from their legitimate custodian and owner, the corporation to which the Legislature has given them and under whose control the Legislature has provided they shall be, thereby frustrating and nullifying an admittedly valid statute; in fact, practically repealing the statute.

The argument of the learned Attorney General that the board of commissioners of said district could not bring the suit because said board could not be listened to in an endeavor to undo its own fraudulent act confuses between the persons who happened to be commissioners at the time the fraud in question is alleged to have been committed and the corporation itself. The fraud in question is alleged to have been committed against, not by, the corporation. To say that a corporation cannot sue to be relieved from the fraud of its officers because a litigant cannot be heard to urge his own infamy can hardly be seriously contended by the learned Attorney General.

We note, in conclusion, that the membership of this levee board can be changed at any time by the Governor without his having to assign any reason, and that therefore the Legislature has provided ample remedy for the protection of the people of the district who are the real parties in interest.

Judgment affirmed.

The CHIEF JUSTICE and NICHOLLS, J., dissent.

On Application for Rehearing.

LAND, J. The able brief filed by the Attorney General in support of plaintiff's application for a rehearing has had our attentive consideration, but on a reconsideration of this cause we see no good reasons to change our conclusions.

The Legislature vested the absolute title to the lands in controversy in the Board of Commissioners of the Tensas Levee District, with full power to sell the same on such terms as the board might deem proper. The Legislature also vested in said board full power to sue and be sued, and to stand in judgment, in all matters relating to their gestion and trust. The board of commissioners could have brought the present suit to annul the alleged fraudulent sale and recover the lands. The Governor of the state, with his power of appointing and removing members of levee boards, can compel them to bring such suits as he may deem proper in the interests of levee districts.

The General Assembly has the power at any time to authorize the Attorney General to institute actions for the use and benefit of the taxpayers and people of any particular levee district. But as the General Assembly has vested the power to sue and be sued in the Board of Commissioners of the Tensas Levee District, and has vested no such co-ordinate power in the Governor or Attorney General, we are of the opinion that the institution of this suit in the name of the state is unauthorized.

It is therefore ordered that the application for a rehearing be refused.

BREAUX, C. J., dissents.