McCALEB, Justice
 

 (concurring).
 

 I quite agree that the defendants have no interest in questioning (in this case) the constitutionality of the act creating the Department of Highways. But, I think that the reason they are without interest is that the State itself has been joined as a party plaintiff. The State, while not a necessary party, is undoubtedly a proper party since the defendants by their alleged overcharges would have thereby obtained money belonging to the people. The fact that the Highway Commission (or Department of Highways) is a State agency and is granted by law plenary power to contract for, and in the name of, the State does not, in my opinion, vest in the Commission the exclusive authority to prosecute an action for the restitution of the funds which have been erroneously disbursed by it as the result of the defendants’ alleged overcharges. The funds paid out by it actually belong to the State. While the Highway Commission (or Department of Highways) is given by the statute which created it, the right to sue, the grant cannot be regarded as destructive of the paramount right of the sovereign itself, acting through its Attorney General, to seek redress in the courts for the recovery of the money which has allegedly been wrongfully obtained from its 'agent, the Highway Commission. And this,' notwithstanding the obiter dictum to the contrary contained in Saint v. Allen, 172 La. 350, 134 So. 246, with which I cannot agree. Compare State v. Tensas Delta Land Co., 126 La. 59, 52 So. 216, and State v. Standard Oil Co., 164 La. 334, 113 So. 867, wherein the State was attempting to recover lands, the title to which was vested in certain levee districts.
 

 Hence, since the State is properly before the Court as a party plaintiff, the issue raised respecting the constitutionality of Act No. 47 of 1940 is of no importance whatever.
 

 For these reasons, I respectfully concur in the decree.