## HOUSTON *v.* THE POLICE JURY OF ST. MARTIN.

Damages may be recovered against a police jury for injury sustained in consequence of any illegal obstruction to the navigation of a river, resulting from neglect in the management of a draw-bridge by persons for whose acts the jury were responsible.

APPEAL from the District Court of St. Martin, *Voorhies, J. Brent,* for the plaintiff. *Magill* and *Simon,* for the appellants. The judgment of the court was pronounced by

EUSTIS, C. J. This suit was instituted by the plaintiff, who was the proprietor of a large boat, fitted up for the exhibition of wax figures and theatrical performances, and also for the sale of goods, and the residence of the family of the petitioner. She alleges that she followed her business, and gained her livelihood by the means that this boat afforded, upon the different navigable streams of this State ; that, for this purpose, she ascended the river Teche as far as the town of St. Martinsville, but was prevented from proceeding higher up the river, where she intended to go, by a bridge constructed across the river by the police jury of the parish of St. Martin, and that, after her boat was permitted to pass the bridge, it was obstructed and detained on it its way down. She claims of the parish of St. Martin the sum of $1,700 damages, suffered by her in consequence of this obstruction. There was a verdict in favor of the plaintiff for $600, and the parish of St. Martin has taken an appeal.

It does not appear that the defence assumes any right on the part of the de-

fendants to interfere with or obstruct the navigation of the river. The obliga-
tion of having the draw of the bridge opened, whenever it is necessary to enable a boat to pass, is recognized. This bridge has been constructed for many years. If it was a nuisance, or if the rights of the public were injuriously affected by it, the grievance has escaped the attention of the authorities of the State, and the grand juries of the parish.

The enquiry, in this case, seems to be confined to the particular neglect on the occasions stated in the petition, in not opening the draw for the passage of the plaintiffs' boat, and the damage suffered in consequence thereof.

From an examination of the evidence we have come to the conclusion, that there was neglect on the part of those for whose acts the parish is responsible, and that the parish is bound to repair the damage caused thereby. But the damages allowed by the jury we consider as excessive, and entirely unauthorized by the facts of the case. $100 is the maximum which, under the whole evidence, a court ought to sanction.

The bills of exception taken by the counsel for the defendants, we have not noticed, as we have preferred to close the case by a judgement on its merits.

The judgment appealed from is, therefore, reversed; and judgment rendered for the plaintiff for the sum of $100, with costs, the plaintiff paying the costs of the appeal.