## MARY KING v. POLICE JURY OF ST. LANDRY.

No remedy is given by statute against a parish, for a private injury caused by the absence of bridges or a neglect to keep them in repair.

Where it was not shown that the Police Jury of the parish were under a legal obligation to keep the bridge over a certain water course always in repair—*Held:* They were not liable for damages occasioned by the ruinous condition of the bridge.

APPEAL from the District Court of St. Landry, *Dupré,* J.

*H. L. Garland,* for plaintiff and appellant. *A. Depré,* for defendant.

SPOFFORD, J. This case presents the following question: Is the parish of St. Landry liable in damages for an injury to the property of one of its citizens, occasioned by the ruinous condition of one of the parish bridges connecting a highway across the Bayou Têche?

There was no law which compelled the parish of St. Landry to build the bridge in question. Having built it, there was no law which required the parish to keep it in perpetual repair. The whole subject seems to have been confided to the uncontrolled discretion of the Police Jury of the parish.

"The Police Juries shall have power to make all such regulations *as they may deem expedient,* as to the proportion and direction, the *making* and *repairing* of the roads, *bridges,* causeways, dikes, levees and other highways." Acts 1813, p. 158; Revised Statutes, p. 408, sec. 18; see also Revised Statutes, p. 480, sec. 1.

The repair of the public roads, causeways, bridges, &c., so far as regulated by the general law, is entrusted to the management of overseers of roads, with certain directions and under certain penalties. Revised Statutes, p. 505, secs. 132, 133, 134, 135, 136, 137, 138, 139. These overseers are subject to a presentment and prosecution for neglect of duty. And they are empowered, whenever it shall be necessary for the public convenience, that any road, bridge or causeway be immediately made or repaired, or any obstruction removed, to call out a sufficient number of hands to perform the work on one day's notice. Act 1839, p. 4; Rev. Stat. p. 507, sec. 141.

As no remedy is given by statute against a parish for a private injury caused by the absence of bridges or a neglect to keep them in repair, and as it is not shown in this case that the Police Jury of St. Landry were under a legal obligation to keep the bridge over the Têche always in repair, we think there was no error in the judgment rejecting the plaintiff's demand. Upon

this subject, see also *Moore* v. *Mayor of Shreveport*, 3 An. 645. The question of the liability of municipal corporations for the injurious acts of their agents done in the proper scope of their employment, is quite different. See *Houston* v. *Police Jury of St. Martin*, 3 An. 566 ; *Walling* v. *Mayor*, *&c.*, 5 An. 660.

Judgment affirmed.