(118 So. 700)

No. 29354.

**DE MOSS v. POLICE JURY OF BOSSIER PARISH.**

Oct. 29, 1928.

Murff & Perkins, of Shreveport, for applicant.

R. H. Lee, Dist. Atty., of Minden, for respondent.

THOMPSON, J. The plaintiff was the lessee of a plantation situated in Bossier parish, which he cultivated in cotton and corn during the year 1926. The plantation was owned by a nonresident.

A local public road under the supervision of the police jury was located adjacent to, and for some distance ran along the edge of, the plantation.

In the summer or early fall of 1926 it became necessary to build up the grade of the road and to make it wider. A contract for that purpose was let to But and Byrd, who were to perform the work under the supervision of a highway engineer. In order to extend the width of the road it became necessary to tear down the fence which inclosed and protected plaintiff's crop. The fence was accordingly taken down and reset further back by the contractors. Later, however, in order to get the necessary dirt to raise the road to the specified and required height, the contractors, under the direction of the supervising engineer, again tore down the fence, but this time they failed to put it back, and left the field open and crop exposed.

The plaintiff brought this suit for damages occasioned to his crop of corn and cotton by cattle entering the field as a result of tearing down his fence by the contractors and leaving his crop unprotected.

A trial in the lower court resulted in a judgment in plaintiff's favor and against the parish for $530.

The Court of Appeal reversed that judgment, and rejected the plaintiff's demand.

It was alleged in the petition and admitted in the answer that the engineer directed the contractors to tear down the fence, and that in so doing he was acting within the scope of his authority. It is further admitted that the action of the contractors was without the knowledge and consent of the lessee.

It was alleged in the defendant's answer that the fence was torn down with the knowledge and consent of the owner of the land, from whom one-half of the right of way was obtained by defendant. There is no proof, however, in the record to show that any right of way was obtained from the owner of the land, nor is there any proof to show that the owner knew anything about the tearing down of his fence and leaving the crop of his lessee exposed to the ravages of stock roaming at large.

But be that as it may, and whether the police jury acted lawfully or unlawfully, the question after all is whether the parish can be held liable for consequential loss and damages resulting from the act of its police jury in the manner and under the circumstances presented.

The Court of Appeal rests its decision on the general principle that police juries are state agencies with only delegated powers, and that the parish cannot be held liable for the acts or omissions of its officers any more than the state itself could be.

In support of this position our respected brothers cited King v. Police Jury, 12 La. Ann. 858; Sherman v. Parish of Vermillion, 51 La. Ann. 880, 25 So. 538; Fischer Land & Improvement Co. v. Bordelon, 52 La. Ann. 431, 27 So. 59; Bankins v. Calcasieu Parish, 116 La. 639, 40 So. 925; Gaudet v. Parish of Lafourche, 146 La. 363, 83 So. 653.

An examination of all of these cases will show their entire lack of application to the case here presented. They were for purely speculative damages growing out of pos-

itive torts or acts of omission and neglect, for which there was no statutory liability imposed on the parishes.

In King v. St. Landry Parish, 12 La. Ann. 858, the damage was occasioned by the defective condition of a bridge across Bayou Teche. The court placed the nonliability of the parish on the ground, principally, that it was not shown that the police jury was under a legal obligation to keep the bridge always in repair.

The case of Sherman v. Parish of Vermillion, was a suit by the parents for the death of their son, who was a juror in a criminal case, and while in charge of the sheriff fell into a pit and fatally injured himself, from which he died.

In the Fischer Case the parish of Avoyelles was sued for damages caused by a mob of its citizens who cut plaintiff's locks and dams, thereby causing plaintiff damage to its property.

In the Bankins Case the plaintiff was damaged by the giving away of a bridge, and the court held that no action was given by the statutes against a parish for a private injury caused by the neglect of the police jury or highway officers to keep a public bridge in proper repair.

The case of Gaudet was another case in which the parish of Lafourche was attempted to be made liable for the death of a minor daughter of the plaintiff. The plaintiff and her daughter were traveling in a buggy, and as they drove onto the bridge the horse walked off into the bayou, pulling the buggy and its occupants with him. The particular neglect charged against the police jury was in failing to provide proper and adequate guard rails. The claim was rejected for the reason that the parish was not required to keep the bridge in repair.

The court quoted with approval from the St. Landry Case, supra, as follows:

"As no remedy is given by statute against a parish for a private injury caused by the ab-

sence of bridges or a neglect to keep them in repair, and as it is not shown in this case that the police jury of St. Landry were under a legal obligation to keep the bridge over the Teche always in repair, we think there was no error in * * * rejecting the plaintiff's demand."

It will readily be seen from a mere statement of the cases relied on that the principle on which they were decided is not involved in this case. There was no duty imposed upon the police jury to avoid or to provide against the act which caused the damages complained of in those cases, and there was no question, such as we have here, of the taking or damaging of a citizen's property for public purposes without due process of law and without an adequate compensation.

█ Police juries, as representing and acting for the parish, are clothed with plenary and exclusive powers to regulate, by ordinance, the manner of making or repairing roads in their respective parishes. Sanders v. Levi, 42 La. Ann. 406, 7 So. 692.

█ It is true police juries are vested with discretion in establishing and repairing public roads.

█ They cannot be compelled by a mere private citizen to make a road or to repair it, but when they seek to exercise the authority vested in them they are required to proceed in the manner prescribed by law, and in no case can they appropriate, expropriate, or damage the property of a citizen for the use of the public without paying for such property or such damage.

Section 3369, Revised Statutes, required that all roads shall be laid out by a jury of freeholders, consisting of not less than six inhabitants of the parish where the said road is to be made, to be appointed for that purpose by the police jury; and it shall be the duty of said jury to trace and lay out such road to the greatest advantage of the inhabitants and as little as may be to the prejudice of inclosures, and assess such damages as any person may sustain. And it is

further provided that all damages assessed by the said jury to any individual through whose land the road may run shall be deemed a parish charge and be paid by the treasurer of said parish.

It is to be observed that the statute quoted points the way in which the police jury is to proceed, and fixes the liability on the parish for all damages which may be assessed by the jury that any person may sustain by reason of the location of such road or as the result thereof.

▮ When a police jury therefore undertakes to lay out a road or to widen an established road without pursuing the forms of law, whether with or without obtaining the consent of the owner, it renders the parish liable to any other person whose property might be damaged as a result of such public improvement.

It would indeed be a very narrow, and we think unjustifiable, interpretation of the statute to hold that it only provided for such damages as the owner whose property is actually taken might sustain, and did not cover damages suffered by other and adjacent proprietors as a result of the construction or repair of the road.

The statute is not so restrictive, for the very language charges the jury of freeholders with the duty of laying out the road with as little damage as may be to inclosures, and to assess such damages against the parish any person may sustain.

Nearly every Constitution of this state has declared in positive and unequivocal language that private property shall not be taken nor damaged for public purposes without just and adequate compensation being first paid.

▮ Here the plaintiff's crop was damaged as the proximate and natural result of the widening of the road, for if the width of the road had not been extended, there would have been no necessity of tearing down the fence, and if the fence had not been torn down, the cattle would not have destroyed plaintiff's crop.

To adopt the theory of the Court of Appeal, and deny plaintiff's right to recover for the damage to his crop, would, in the language of Justice Manning, "convert the constitutional protection into a false pretense and practically make it only a promise to the ear which it breaks to the hope."

In the case of Houston v. St. Martin Parish, 3 La. Ann. 566, the court held that damages may be recovered against a police jury sustained in consequences of any illegal obstruction to the navigation of a river resulting from neglect in the management of a drawbridge by persons for whose acts the jury were responsible.

In the case of Avery v. Police Jury, 12 La. Ann. 557, on rehearing, the court said:

"Their attempt to reclaim the swamp" land "must not be allowed to bring the waters thence drained in a flood upon the plaintiff's lands. They must provide against injurious consequences to the plaintiff from their acts or they will be liable in damages. The decision in this case cannot affect the right of the plaintiff to any legal remedies for injuries hereafter threatened or done to his property by the act or neglect of the Police jury or others."

And in Lalanne v. Savoy, 29 La. Ann. 516, it was held that the police jury of a parish is liable for any damage caused to a neighboring inhabitant by building any work of public convenience that obstructs an unnavigable water course.

Article 16, § 6, of the Constitution of 1921, provides that lands and improvements thereon actually used or destroyed for levees or levee drainage purposes shall be paid for at a price not to exceed the assessed value for the preceding year.

In considering this provision in the case of Green v. Levee Board, 163 La. 118, 111 So. 619, the court held the levee board liable for removing débris from the land, and also for damages caused by the negligent use of dynamite by which some trunks and branches

of trees were thrown upon the plaintiff's residence.

Also in case of McGeehan v. Levee Board, 165 La. 242, 115 So. 473, the court held the levee board liable for removing earth for levee purposes in a case of emergency. In that case the proprietor from whose land the dirt was taken owed no servitude for levee purposes, but happened to be adjacent to the owner who did owe the servitude and on whose land the levee was built.

The court in that case held:

"In action by the owner of land adjacent to a levee for the allegedly tortious removal of earth from his land for use in emergency purpose, held that it was immaterial whether or not the board had promised to compensate the owner for the property before taking it, since owner is entitled to compensation for property so taken under the police powers, and, in promising to pay for it, the board would merely be doing that which the law requires it to do."

The Court of Appeal in that case, as in the instant one, had held that the action was one sounding in damages ex delicto, and denied recovery.

The levee boards of the state are state agencies in the same sense that police juries are, and when a police jury takes or damages private property for public purposes the parish represented by such police jury should be held liable therefor as has been the rule with respect to the levee boards, since such boards have been required to pay for property taken or damaged for public purposes.

We are constrained therefore to hold that the Court of Appeal was in error in applying the law governing actions in torts to the facts of the case here presented.

■ It will be necessary to remand the case in order that the Court of Appeal may determine the measure of the defendant's liability. Fisette v. Life Ins. Co., 162 La. 620, 110 So. 880; May v. Yellow Cab Co., 164 La. 920, 114 So. 836.

The judgment of the Court of Appeal here-

in under review is annulled, and the case is remanded to that court to be decided according to the views herein expressed. The costs of the proceedings in this court to be paid by the defendant.