No. 4235

Second Circuit

MURFF v. LOUISIANA HIGHWAY COMMISSION

(April 5, 1932. Opinion and Decree.)
(May 5, 1932. Rehearing Refused.)

Murff & Perkins, of Shreveport, attorneys for plaintiff, appellant.

Lewis L. Morgan and A. S. Cain, Jr., of New Orleans, and D. M. Ellison, of Baton Rouge, attorneys for defendant, appellee.

DREW, J. Petitioner instituted this suit against the Louisiana Highway Commission for the sum of $1,000, alleging that he was the owner of one hundred sixty-four acres of land situated in Bossier parish, La., located just north of the Shreveport-Minden highway known as United States No. 90, which highway is under the control and supervision of the Louisiana Highway Commission; that in the year 1930 he was cultivating one hundred ten acres of said land in cotton, corn, and alfalfa. He further alleged that there were several bayous crossing said highway a short distance east of his land, which carried away the excess water from Red Chute bayou in times of high water, and that the Louisiana Highway Commission remodeled said highway and hard-surfaced it; that prior thereto there were bridges and trestles over these bayous where they crossed the road, leaving same open, and the bayous were sufficient to and did carry off all surplus water from Red Chute bayou during all seasons; that in rebuilding said highway preparatory to hard-surfacing the same, the Louisiana Highway Commission, through its employees acting under orders, instructions, and supervision of said highway commission, tore out said bridges and trestles, filled in the bayous above referred to with dirt and dumps, thereby reducing the capacity of said bayous where they crossed the highway to at least one-third and filling in some of them entirely. He alleged that the bayous referred to were the natural outlets of the overflow waters passing out of Red Chute in high water time; that after the construction of said highway and the filling in of said bayous, thereby stopping the natural drains, a heavy rain caused Red Chute to overflow, and the water could not flow off through the heretofore natural drains which had been filled and stopped up by the highway commission, causing the water to overflow his lands, where it stood for more than two weeks, completely destroying all crops then growing on said lands. He set forth his loss occasioned thereby and prayed for judgment accordingly.

Defendant excepted to the plaintiff's petition on the following grounds:

(1) That petition discloses no right of action.

(2) That petition discloses no cause of action.

(3) That this action is instituted against the state of Louisiana in a case in which the state has not given its consent to be sued.

The lower court sustained the exceptions of no right and no cause of action and dismissed plaintiff's suit, from which judgment he prosecutes this appeal.

The third reason set forth in the exception that it is a suit against the state is answered in the negative in the opinion of the Supreme Court in the case of Saint v. Allen, 172 La. 350, 134 So. 246, 249, in the following language:

"If the Louisiana Highway Commission is a distinct legal entity from the state, then there would seem to be no reason, so far as relates to the Constitution, why the Attorney General and his assistants should be deemed to be the attorneys for the commission, and why other arrangements could not be made, under legislative authority, for the selection of attorneys by the commission.

"The commission, in our opinion, is a distinct legal entity from the state. Section 3 of Act No. 95 of 1921 (Ex. Sess.) makes it a body corporate, with power as such to sue and be sued. It is an agency of the state, and not the state itself, created for the purpose of executing certain duties, devolving primarily upon the state. In a general sense, in its relations to the state, it is not dissimilar to levee districts, which are bodies corporate, created for the purpose of constructing and maintaining levees, which are duties, devolving primarily upon the state. It was held in State v. Standard Oil Co., 164 La. 334, 357, 113 So. 867, and in State v. Tensas Delta Land Co., 126 La. 59, 52 So. 216, that a levee district, though the creature and an agency of the state, had, as long as it was permitted to exist, a separate existence from the state, and that the state could not sue on causes of action accruing to the district. Nor, in a general sense, is the commission dissimilar, in its relations to the state, to the board of commissioners of the port of New Orleans, concerning which it was held that the board, as a body corporate, had a separate existence from the state, and, though an agency thereof, did not enjoy the immunity from the prescription, liberandi causa, enjoyed by the sovereign, Board of Commissioners of Port of New Orleans v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127. These cases are pertinent here for the purpose of showing that the Louisiana Highway Commission is a separate legal entity from the state.

"However, it may be said that the ruling, as to the separate existence of the commission, is not well taken here, because the act, creating it, provides that all contracts for highway improvement shall be made in the name of the state, and that the state, acting through the commission, may acquire gravel beds, and the like, by purchase, lease, or donation, and that the state provides the commission with funds with which to discharge the purposes of its creation. Sections 16, 23, 34, Act No. 95 of 1921 (Ex. Sess.). These facts, however, are insufficient to make the commission and the state one and the same. They merely show that the commission is an agency of the state. It does not even follow that, because contracts for highway improvements must be entered into in the name of the state, suits on such contracts should be brought by the state or against it, for the commission, as a body corporate, is given express power to sue and be sued, which shows that such suits (which might be reasonably expected to constitute the greater part of the litigation in which the commission might become involved) should be instituted by the commission, and not by the state."

Also, in the case of Booth v. Louisiana Highway Commission, 171 La. 1096, 133 So. 169, 170, the court said:

" 'The levee boards of the state are

state agencies in the same sense that police juries are, and when a police jury takes or damages private property for public pur- poses the parish represented by such police jury should be held liable therefor as has been the rule with respect to the levee boards, since such boards have been re- quired to pay for property taken or dam- aged for public purposes.' The same rule must be applied also to the Louisiana Highway Commission."

It is clear from the two above-cited de- cisions that the Louisiana Highway Com- mission, in its relation to the state, is similar to the police juries and levee boards of the state—a body corporate with the power to sue and be sued. It is an agency of the state and not the state itself.

Defendant contends that the exception of no right and no cause of action should be sustained for the reason that the injury complained of springs from an alleged tort committed by the highway commission's agents while engaged in the discharge of a governmental function, and that it is an elementary principle of law that a state agency is not and cannot be held responsi- ble for tort damages caused by its agents. Defendant relies to a great extent upon the decision of Kilberg v. Louisiana High- way Commission, 8 La. App. 441, wherein the Court of Appeal for the First Circuit held that, where a state agency is acting within the scope of its governmental func- tions, it represents the state and as such it may not be sued except with the per- mission of the state. The decision seems to be based upon this finding, which we think is clearly in conflict with the cases of Saint v. Allen, and Booth v. Louisiana Highway Commission, cited supra. The case further holds that the highway com- mission cannot be sued for damages ex de- licto. In the case of De Moss v. Police

Jury of Bossier Parish, 167 La. 83, 118 So. 700, 702, 68 A. L. R. 336, the court differ- entiated the cases in which police juries, as state agencies with only delegated pow- ers, were held not liable for the acts of omission of their officers, from those cases in which a police jury or levee board or Louisiana Highway Commission, as a state agency, has taken or damaged private prop- erty for public purposes without just com- pensation. The rule as laid down in the De Moss case is that an agency of the state is not liable for damages caused by positive torts or acts of omission and neg- lect, such as failure to keep a bridge in proper repair (King v. Police Jury of St. Landry Parish, 12 La. Ann. 858; Bankins v. Police Jury of Calcasieu Parish, 116 La. 639, 40 So. 925); or failure to provide proper or adequate guard rails on a bridge (Gaudet v. Lafourche Parish, 146 La. 363, 83 So. 653); or where a juror falls in a pit and is injured while in charge of the sheriff (Sherman v. Parish of Vermilion, 51 La. Ann. 880, 25 So. 538); or damages caused by a mob (Fischer Land & Improve- ment Co. v. Bordelon, 52 La. Ann. 431, 27 So. 59). After reviewing the cases above cited, the court said:

"There was no duty imposed upon the police jury to avoid or to provide against the act which caused the damages com- plained of in those cases, and there was no question, such as we have here, of the taking or damaging of a citizen's property for public purposes without due process of law and without an adequate compensa- tion."

The contrary of the decision above re- viewed is true, for the reason that sec- tion 2, article 1, of the Constitution of Louisiana for 1921, makes it the duty of all such state agencies as the police jury and the Louisiana Highway Commission to pay just and adequate compensation for

private property taken or damaged for public purposes. In the De Moss case the court reviewed a number of cases illustrative of this point. In the case of Lalanne v. Savoy, 29 La. Ann. 516, the police jury was held liable for damages caused a neighboring inhabitant by building a work of public convenience that obstructed an unnavigable water course. In Houston v. Police Jury of St. Martin Parish, 3 La. Ann. 566, the police jury was held liable in damages for the illegal obstruction to the navigation of a river, and in Avery v. Police Jury of Iberville, 12 La. Ann. 557, the court said:

"Their attempt to reclaim the swamp at Point Manchac, must not be allowed to bring the water thence drained in a flood upon the plaintiff's lands. They must provide against injurious consequences to the plaintiff from their acts or they will be liable in damages."

In Green v. Board of Commissioners of Lake Borgne Basin Levee District, 163 La. 118, 111 So. 619, the court held the levee board liable for removing debris from the land and also for damages caused by negligent use of dynamite, by which some trunks and branches of trees were thrown upon the plaintiff's residence. In the case of McGeehan v. Board of Levee Commissioners, 165 La. 241, 115 So. 473, the levee board was held liable for removing earth for levee purposes in a case of emergency, although the plaintiff's land did not owe a servitude for levee purposes, but was adjacent to the owner who did owe the servitude.

The facts in the De Moss case are as follows: De Moss was the lessee of a plantation adjacent to a road that it became necessary to widen. In widening the road it was necessary to tear down the fence inclosing the land on which the les-

see had a crop. After the fence was torn down the cows went in and destroyed the crop. De Moss sued for the value of the crop destroyed and was awarded judgment in the district court. The Court of Appeal reversed the lower court, 9 La. App. 215, 120 So. 137, sustaining an exception of no cause and right of action, and on a writ of review the Supreme Court reversed the Court of Appeal and held there was a right and cause of action. The court in that case, after quoting the language of the Constitution of 1921, article 1, sec. 2, said:

"Here the plaintiff's crop was damaged as the proximate and natural result of the widening of the road, for if the width of the road had not been extended, there would have been no necessity of tearing down the fence, and if the fence had not been torn down the cattle would not have destroyed plaintiff's crop.

"To adopt the theory of the Court of Appeal, and deny plaintiff's right to recover for the damage to his crop, would, in the language of Justice Manning, 'convert the constitutional protection into a false pretense and practically make it only a promise to the ear which it breaks to the hope.'"

In the case of Booth v. Louisiana Highway Commission, cited supra, plaintiff sued the highway commission for damage to his property by reason of the road contractor taking possession of an additional ten feet of plaintiff's property without authority and removing therefrom 1,500 cubic feet of dirt. The Louisiana Highway Commission took the position that, as an agency of the state, it was not responsible for damages arising from torts committed by its servants while acting within the scope of their authority, or otherwise. In disposing of the case, the Supreme Court cited and reaffirmed the De Moss v. Police Jury of Bossier Parish case and quoted ex-

tensively from it, allowing plaintiff damage.

It seems clear from the above decisions that when the Louisiana Highway Commission, functioning as a state agency, constructs a road for public purposes and public convenience, and by doing so causes damage to private property, that it must pay just and adequate compensation, and that the owner of the private property damaged has a right and cause of action against the Louisiana Highway Commission.

Defendant urges that there is no special act authorizing the highway commission to be sued for damage such as claimed by plaintiff, and Act No. 95 of the Extra Session for 1921 only authorizes suits relating to the carrying out and enforcing the provisions of the laws entrusted to it, such as those growing out of contracts it is authorized to make or for rights of way or damages to land taken for highway purposes. In other words, that, if it becomes necessary to take land for road purposes and there are improvements; growing crops, etc., on that land, they will have to be paid for, otherwise not, although they are damaged. This contention was made in the De Moss case and answered by the court in the following language:

"When a police jury therefore undertakes to lay out a road or to widen an established road without pursuing the forms of law, whether with or without' obtaining the consent of the owner, it renders the parish liable to any other person whose property might be damaged as a result of such public improvement.

"It would indeed be a very narrow, and we think unjustifiable, interpretation of the statute to hold that it only provided for such damages as the owner whose property is actually taken might sustain, and would not cover damages suffered by other and adjacent proprietors as a result of the construction or repair of the road."

Section 2, article 1, of the Constitution for 1921 does not restrict the damage to the owner of the property actually taken for road purposes. In the case of Scott v. Ratcliff, 167 La. 237, 119 So. 33, 35, and reaffirmed in Booth v. Louisiana Highway Commission, supra, the court said:

"The Constitution is the paramount law, to which all other laws must yield, and it is equally obligatory on the individual citizen and on every department of the government. When its language is clear and unmistakably expresses the intent of its framers, there is no occasion for interpretation."

The language of this article of the Constitution is clearly expressed and free from ambiguity, and the allegations of plaintiff's petition must be taken as true for the purpose of passing on the exception of no cause and no right of action. He has alleged that the Louisiana Highway Commission has built a paved road for public purposes and public convenience, and in doing so that it stopped up and obstructed the natural drains of that locality, resulting in the water overflowing his property and thereby damaging his private property. His petition sets forth a cause of action and a right of action. It therefore follows that the judgment of the lower court is erroneous and will have to be reversed.

It is therefore ordered, adjudged, and decreed that the judgment of the lower court be reversed, and that the exceptions filed herein are overruled, and the case is remanded to the lower court to be tried upon its merits.