## PERRY v. LOUISIANA HIGHWAY COMMISSION.*

### No. 5103.

Court of Appeal of Louisiana.
Second Circuit.

Dec. 13, 1935.

Goff & Goff, of Arcadia, for appellant.

L. L. Morgan and E. R. Stoker, both of Baton Rouge, for appellee.

*Rehearing denied Dec. 31, 1935.

MILLS, Judge.

This suit is one in tort for personal injuries resulting in the death of plaintiff's husband and father of her minor children.

The petition alleges that the deceased, Ardis L. Perry, was, after dark on January 22, 1934, accompanying as an invited guest an employee of defendant on an automobile inspection tour of the road between Minden and Gibsland. That said employee, while on said tour and while acting within the scope of his employment, negligently ran into the rear of a truck parked on the side of the road, causing injuries resulting in the death of Perry.

An exception of no cause or right of action was sustained and plaintiff's suit dismissed. Plaintiff has appealed.

The only questions presented are whether or not the highway commission is a state agency, and whether or not such an agency, in the absence of permission or an express law authorizing same, can be sued in tort for personal injuries.

Plaintiff relies upon section 3 of Act No. 95 of 1921, Ex.Sess., which reads in part:

"The Commission shall be a body corporate and as such may sue and be sued, plead and be impleaded, in any Court of Justice."

The opinion in the case of Kilberg v. Louisiana Highway Commission, 8 La.App. 441, completely refutes plaintiff's contention. The pertinent part reads as follows:

"Plaintiff, however, relies for authority to institute this suit, on the clause in the Act creating the Commission whereby said Commission is declared to be a body corporate and that as such, it may sue or be sued in any court of justice; but the statute is silent as to the nature of the causes of action upon which the Commission may sue or be sued. The quoted clause in the Act must be read in connection with the fundamental constitutional principle that the State may only be sued with its permission (Sec. 35, Art. III), and where a State agency is acting within the scope of its governmental functions, it represents the State and as such, it may not be sued except with the permission of the State.

"It is evident from other provisions in the Act that the clause subjecting the Commission to the liability to be sued does not confer upon a complainant a right of action whereby the Commission would be eventually deprived and dispossessed of the fund which is necessary for it to exercise its governmental functions and which is dedicated by the Constitution to that special purpose. To so hold would be to recognize that the usefulness of the Commission can be destroyed and the purpose of its existence frustrated through the fault and negligence of the persons appointed to superintend the work necessary to accomplish the legal ends of its existence.

"The funds under the control of the Highway Commission are specially dedicated to the construction and maintenance of highways and cannot be diverted from that purpose without express legislative sanction, and even if it were conceded that the Commission could be sued for damages ex delicto, a judgment for damages ex delicto would be worthless. Of course, courts of justice will not lend themselves to render judgments which cannot be enforced or executed.

"There is no reason why we should further construe the stipulation 'that the Commission is a body corporate and that as such it may sue or be sued.' It is not necessary for the decision of this case for us to express any opinion as to what actions may be brought against the Commission. Such opinion would be obiter dictum. Suffice it to say that we are clearly of opinion that the Louisiana Highway Commission may not be sued for damages ex delicto, and that therefore plaintiff's petition does not disclose a cause of action."

This holding was followed in the even more fully considered case of Orgeron v. Louisiana Power & Light Co., 19 La.App. 628, 140 So. 282, in which writs were denied by the Supreme Court. As these cases have never been overruled, they constitute the law in the case, which we must follow, even though with the same regret expressed by Judge Janvier in the Orgeron Case.

Plaintiff cites the cases of Houston v. Police Jury of St. Martin, 3 La.Ann. 566; Green v. Board of Commissioners, 163 La. 117, 111 So. 619; De Moss v. Police Jury of Bossier Parish, 167 La. 83, 118 So. 700, 68 A.L.R. 336; Booth v. Louisiana Highway Commission, 171 La. 1096, 133 So. 169; Saint v. Allen, 172 La. 350, 134 So. 246; Murff v. Louisiana Highway Commission, 19 La.App. 847, 140 So. 863; Seibert v. Conservation Commission, 181 La. 237, 159 So. 375.

The Saint Case holds that the highway commission, though a separate entity and not the state itself, is a state agency. All of the other cases involve property dam-

ages and allow recovery, as clearly stated in the Booth and Murff actions, because of the provision in section 2 of article 1 of the Constitution of 1921 that, "private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid." The distinction is clear between this line of cases and that before us.

As we find the exception of no cause or right of action was correctly sustained, the judgment rejecting plaintiff's demand is affirmed.