168 So. 707

**BUVENS v. LOUISIANA HIGHWAY COMMISSION et al.**

No. 33394.

April 27, 1936.

Lewis L. Morgan and E. R. Stoker, both of Baton Rouge, for appellants.

Ponder & Ponder, of Many, for appellee.

FOURNET, Justice.

In May, 1932, Joseph H. Buvens filed suit against the Louisiana highway commission and F. D. Harvey & Co., in solido, for damages in the sum of $2,500, alleging that he was the owner of a certain tract of land situated in Sabine parish, and that the defendants, without having first obtained title to the property, illegally constructed a dump thereon in 1931, and, as a result thereof, the property has been damaged to the extent sued for.

On April 23, 1931, defendants answered, averring that it entered upon and constructed a highway across the property in question by authority of a right of way purchased from C. J. Hubley, who was the record owner of the property at the time, and denied any liability to plaintiff.

Subsequently, on September 10, 1934, plaintiff filed a supplemental and amended petition, alleging that he had sold the property in question to C. J. Hubley on the 23d of December, 1926, for the sum of $4,800, $500 of which was paid in cash and the balance represented by one note payable December 23, 1931; that the act of credit sale contained the special mortgage and vendor's privilege to secure the payment of the note and also the "pact de non alienando," and reacquired the property on the 6th day of February, 1932, at sheriff's sale under foreclosure proceedings instituted by him on said note and mortgage.

The Louisiana highway commission filed exceptions of no cause or right of action to the plaintiff's supplemental and amended petition, and on the trial of the case filed a similar exception to the original petition. Both exceptions were overruled, and on the trial of the case on the merits judgment was rendered in favor of the plaintiff in the sum of $1,250, with legal interest thereon from date of judgment, until paid, and all costs of suit.

The plaintiff appealed, and the defendant has answered the appeal, asking that the amount of the judgment be increased to the sum of $2,500 as originally sued for.

Plaintiff's action is based on the provisions of Article 3407 of the Revised Civil Code, which declares that "the deteriorations, which proceed from the deed or neglect of the third possessor to the prejudice of the creditors who have a privilege or a mortgage, give rise against the former to an action of indemnification; but he can claim for his expenses and improvements only to the amount of the increased value which is the result of the improvements made."

The Louisiana highway commission, having purchased the right of way in question from C. J. Hubley burdened with plaintiff's mortgage and vendor's lien containing the pact de non alienando, without first obtaining a waiver from plaintiff, was divested of its title upon plaintiff's foreclosure proceedings and the sale thereunder.

■ It is elementary that, for the purpose of the trial of exceptions of no right or cause of action, all well-pleaded facts be accepted as true and all documents annexed to and made part of the petition must be considered. In the instant case, before the exceptions were filed, the answer of the defendant and the supplemental and amended petition had also been filed, and we therefore think that the exceptions of no cause or right of action are without merit and were properly overruled by the lower court. Mrs. C. W. Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488, this day decided.

■ In the case of Booth v. Louisiana Highway Commission, 171 La. 1096, 133 So. 169, 170, the court quoted with approval the following from the case of De Moss v. Police Jury, 167 La. 83, 84, 118 So. 700, 68 A. L.R. 336:

"The levee boards of the state are state agencies in the same sense that police juries are, and when a police jury takes or damages private property for public purposes the parish represented by such police jury should be held liable therefor as has been the rule with respect to the levee

boards, since such boards have been required to pay for property taken or damaged for public purposes."

And we held in the Booth Case that "the same rule must be applied also to the Louisiana highway commission."

■ This leaves, therefore, for our consideration the damages the plaintiff is entitled to recover as established by the record.

The main claim for damages is that the commission, in erecting its dump or road embankment across plaintiff's property, failed to provide culverts of proper dimension over three creeks running through plaintiff's property to carry off the water and drain his property, and thereby subjects the property to overflow.

A review of the evidence shows that plaintiff's land is traversed by three creeks which carry off drainage water of approximately 43 square miles of hilly country. The property is known as Buvens bottoms, and the area taken by the commission where the dump was constructed is the lowest part of the land and forms a basin. After each rain the property overflows, varying in depth up to more than 5 feet, depending on the extent of the rainfall. There is some evidence that the property was susceptible of cultivation, but that none of it had been cultivated during the last ten or twenty years, except about 15 acres in the northeast corner thereof, which were cultivated when C. J. Hubley owned the property. It was used principally for pasture purposes.

The plaintiff sought to show that the construction of the dump by the defendant, due to the lack of capacity of the culverts, caused the water to accumulate and pound on the north side of the dump and recede less rapidly than it did before the dump was constructed, thus causing the property to be inundated many hours longer and thereby making the hay, then growing on the property, worthless. There is no evidence as to the quantity or value of the hay said to have been destroyed. This, however, we shall consider as an element of the general damage to the property.

Plaintiff's witnesses estimated the damage to the property, as a result of the construction of the dump, from 50 per cent. to 75 per cent. of its original value, which is conceded to be about $4,800. On the other hand, several equally reputable witnesses testified that the property was not damaged other than the actual value of the property taken by the commission in the construction of the dump. It is shown that 7.19 acres of land were appropriated by the commission. The average value of the acres, considering the tract as a whole, was $44.44. But the acres taken by the defendant were very low, which makes them less valuable.

It has been shown that, in order to replace plaintiff's fences, it would cost about $150, and that it will be necessary to construct bridges across the excavations adjacent to the highway at a cost of $82.50 each. The trial judge, who was better acquainted with the locus in quo than we are, rendered judgment in the sum of $1,250 to cover all damages to which plaintiff was entitled. After carefully reviewing the record, we think the amount awarded fair and is in line with the amount agreed upon and previously

paid by the Louisiana highway commission to C. J. Hubley in April, 1931.

For the reasons assigned, the judgment of the lower court is affirmed.

O'NIELL, C. J., absent.