In July, 1931, the defendant Dantoni sold to the plaintiff Armstrong 2 1/2 acres of land, more or less, in Tangipahoa Parish, and as a part of the consideration of the sale Armstrong executed three notes for $100 each payable in one, two and three years from date, secured by a vendor's privilege and special mortgage on the *Page 294 
property. Armstrong apparently made some payments on the interest accruing on these notes, but did not pay anything on the principal. In June, 1937, the parties entered into an agreement wherein it is stated that the notes are past due and Armstrong is without means of paying the notes, and in consideration of his paying the sum of $50 at that time, he was given the privilege of paying the notes in six years at the rate of $50 per year on the first of June of each year, without interest on the deferred payments. All past-due taxes due on the property in excess of $25 were to be paid by Dantoni.
Foreclosure proceedings were filed in the City Court of Hammond on the notes, and the property was advertised for sale by the marshal for February 13, 1943. Armstrong filed this suit in the District Court of Tangipahoa Parish asking for an injunction to issue against Dantoni and the marshal of the City Court restraining the sale of the property and cancelling and annulling the notes and mortgage given by Armstrong on the ground that Dantoni was not the owner of the property sold, as it had been adjudicated to the State for the taxes of 1930, under an assessment in the name of Dantoni.
There was judgment below maintaining the injunction and cancelling and annulling the mortgage on which the foreclosure suit was brought in the City Court of Hammond. The defendant has appealed.
The record shows that the property which Dantoni sold to Armstrong in July, 1931, had been adjudicated to the State for the taxes of 1930. In the deed, Dantoni made the declaration that all taxes due on the property had been paid. Dantoni never redeemed the property which was adjudicated to the State, and after the expiration of the redemption period, the property became subject to homestead entry under the provisions of Act 235 of 1938. In April, 1942, Sarah Armstrong, wife of the plaintiff, made application to the Register of the Land Office to homestead the property, and, after the required notice to Dantoni and publication of the application, a certificate of entry was issued to her on June 12, 1942.
The sale of property by one who is not the owner is a nullity, and it follows that any notes given for the purchase price would be without consideration. When Dantoni sold the property it had been adjudicated to the State, and the title was in the State, subject to the right of redemption on the part of Dantoni. When he failed to redeem the property within the time prescribed by law, he lost all title to the property.
Counsel for Dantoni contends that the entry of the land by the wife of Armstrong inures to the benefit of the community and the property will fall into the community; that Armstrong only has a right to deduct from the amount of the notes the amount incurred in paying the past-due taxes which his wife was required to pay for Dantoni. This contention is not tenable for two reasons; in the first place, the title has not left the State and will not leave it until proof of five years residence is made and all other requisites are complied with, and there is no assurance that this will be done; and in the second place, Section 7 of Act 235 of 1938 provides that lands acquired under the provisions of the act shall never become liable for the satisfaction of any debt contracted prior to the issuance of a patent for such lands.
When Armstrong and Dantoni entered into the agreement for the extension of the notes in 1937, the period of redemption of the property from the State had expired, and the title was then fully vested in the State subject to homestead entry under Act 235 of 1938. While at that time Armstrong agreed to pay all past-due taxes on the property not in excess of $25, he did not agree to redeem or homestead the property from the State. Moreover, it appears that the amount of past-due taxes on the property when this agreement was entered into exceeded the sum of $25, and Dantoni never paid these past-due taxes nor did he make any effort to get the title out of the State.
Finding no error in the judgment appealed from, the same is hereby affirmed at the cost of appellant in both courts. *Page 295