**98 So.2d 170**

**SHORT & MURRELL et al., Plaintiff-Appellee,**

**v.**

**DEPARTMENT OF HIGHWAYS, State of Louisiana, Defendant-Appellant.**

No. 43559.

Nov. 12, 1957.

W. Crosby Pegues, Jr., D. Ross Banister, Philip K. Jones, J. Elton Huckabay, Baton Rouge, for defendant-appellant.

Kantrow, Spaht, West & Kleinpeter, by E. Gordon West, Baton Rouge, for plaintiff-appellee.

SIMON, Justice.

The plaintiff brought suit against the Department of Highways under a written contract of employment for architectural services and alleged that in accordance with the terms of said written contract there is a balance due him in the sum of $136,365

which the Department of Highways has refused to honor or pay. By amended and supplemental petition plaintiff asserted an alternative plea in quantum meruit for the amount originally prayed for.

The written contract sued on was executed on July 18, 1955 by and between the plaintiff, Short & Murrell, a partnership composed of Sam B. Short, Jr. and George R. Murrell, Jr. and the defendant, the Department of Highways. Pursuant to its terms plaintiff obligated itself to perform certain specified architectural services in connection with the designing and supervision of construction of a proposed office building for the Department of Highways who obligated itself to pay to plaintiff certain specified fees therefor.

Defendant first filed exceptions of no right of action and of no cause of action, which were overruled by the trial court. Defendant thereupon filed its answer denying indebtedness claimed, but admitting the alleged services performed by plaintiff. Defendant based its denial of liability on the contentions that the officials who acted in behalf of the defendant were not authorized to execute the said contract and that therefore their acts were ultra vires.

On the trial of the merits the plaintiff-appellee offered evidence and testimony in support and proof of the allegations of its petition. The defendant-appellant failed to offer or produce any witnesses, evidence or testimony whatsoever in refutation thereof.

Consequently we assume, and defendant in brief and in oral argument before us confirmed our assumption, that this appeal is based upon the contention that the exception of no right of action and no cause of action was improperly overruled. There is no other issue before us.

It is not disputed that the written contract involved herein was duly signed by all of the parties thereto, including the then Director of Highways, who had been duly authorized by resolution unanimously adopted by the Board of Highways at a regularly convened meeting thereof, or that the plaintiff actually performed the services required thereby. Having prepared plans and specifications for the proposed office building plaintiff, on April 2, 1956, submitted same to George S. Covert, Director of the Department of Highways, for approval. On the same date Covert notified the plaintiff in writing of his approval thereof and authorized it to advertise for bids to be received on April 30, 1956.

It appears that after the advertisement for bids was duly published and before the announced date for receiving same one Louis H. Strickland filed suit in the Nineteenth Judicial District Court against the Board of Highways to enjoin the construction of said building. A temporary restraining order was issued prohibiting and restraining the Department from receiving and opening any bids and from making any expenditures in connection therewith in-

cluding the fees alleged to be due and owing at the time to the plaintiff. By intervention, plaintiff herein prayed for a dissolution of said order insofar as it pertained to the payment of its fees. Before a hearing could be had thereon the suit was voluntarily dismissed by Strickland. It further appears that since that time the Department of Highways has not attempted to re-advertise for bids for the construction of said building and have declined to pay plaintiff the balance of its fee herein alleged to be due and owing under the terms of said contract.

After trial below judgment was rendered in favor of plaintiff as prayed for and the Department of Highways now prosecutes this appeal.

■ Under our settled jurisprudence an exception of no right of action raises only the question of whether or not the plaintiff has any interest in enforcing judicially the right asserted by him, in other words, whether a remedy afforded by law can be invoked by a particular plaintiff.

In the recent case of Stevens v. Johnson, 230 La. 101, 87 So.2d 743, 748, we drew a distinction between the exception of want of capacity and of no right of action. In relation to the latter, we said: "* * * the exception of want of interest, or no right of action, does raise the question of whether the plaintiff has any interest in enforcing judicially the right asserted. Art.

15, La.Code Prac.; Ritsch Alluvial Land Co. v. Adema, 211 La. 675, 30 So.2d 753. * * *"

■ Obviously, there can be no question as to the interest of the plaintiff herein to pursue this litigation. The partners are signators to the written contract sued on, have discharged the obligations imposed on them, with a corresponding financial expenditure in connection therewith, thereby vesting in the partnership a definite monetary interest in this litigation.

■ It is equally certain that the defendant is amenable to this suit. LSA-R.S. 48:-22 provides as follows: "The department has all of the rights, powers, and immunities incident to corporations. It may acquire, own, administer, alienate, and otherwise dispose of all kinds of property, movable and immovable, tangible and intangible; contract; adopt, alter, or destroy an official seal; sue and be sued, implead, and be impleaded."

■ Therefore, we conclude that the exception of no right of action is without merit.

The exception of no cause of action is predicated upon the contention that its officers were unauthorized to enter into the contract in question and thereby expend any funds for the proposed planning and erection of the building in question. Defendant also denies its authority to use any

portion of the general Highway Fund for any purpose except for which it is dedicated by constitutional authority. Sec. 19.1 of Art. 6 of our Constitution, LSA establishes the Board of Highways and outlines in general terms its powers, duties and functions, Subsec. (7) providing as follows: "The board shall have general control, management supervision and direction of the department of highways. It shall have authority to establish, construct, extend, improve, maintain, and regulate the use of the State highways and bridges. It may make such studies and investigations as it thinks necessary. It shall formulate the policies and may determine the wisdom and efficacy of the policies, plans and procedures of the department and execution of which may by it be delegated to the director and engineers within the scope of its function."

Subsec. (9) and part of Subsec. (10), Sec. 19.1 of said Constitutional Article provide:

"Under the direction, supervision and control of the board of highways, the director has the management of the department and shall exercise all of the functions of the department through the department organizations provided for by law, except those functions specifically assigned to the board of highways under the provisions of this Section. The department cannot and shall not act otherwise than through the board of highways or the director or through someone acting under authority of the board or director. Every lawful act of the director performed in his official capacity is the act of the department.

"The provisions of this amendment shall be self-operative and shall require no further or other legislation."

■ Thus we see that the Board of Highways, through its Director, was the proper body to execute the contract, if that right is authorized by law. To resolve this issue we resort to the powers and functions of the Department as set forth in LSA–R.S. 48:22 by virtue of which the Department of Highways possesses all of the rights, powers and immunities incident to corporations, including, among others, the right to contract in relation to the acquisition, ownership and disposition of all kinds of property, movable and immovable.

In addition to these broad powers we find more explicit authority given to the Department by the provisions of LSA–R.S. 48:225, which provides: "The department may, by lease, donation, purchase, or exchange, acquire or erect any buildings and structures that, in the opinion of the director, are required in conducting the business of the department."

Manifestly, the magnitude of the activities of the Department of Highways, with the large personnel required to efficiently perform same, certainly contemplates the erection and use of an administration building or buildings for the performance of its prescribed duties and functions.

LSA–R.S. 48:23 provides that to properly discharge its functions, the Department may employ engineering, drafting, accounting, legal and other help and labor, subject to any applicable civil service laws and regulations. LSA–R.S. 48:26 provides that the Department may perform every act necessary, convenient or incidental to the exercise of its power and authority, the discharge of its duties, or the performance of its functions.

Under the constitutional and statutory provisions herein cited the contention of the defendant that the Department of Highways is without legal authority to use any portion of the general Highway Fund for any purpose other than that to which it is dedicated by constitutional authority is unimpressive.

Sec. 21 of Art. 6 of the Constitution, as amended, reads in part: "The Legislature shall provide for the expenditure of the General Highway Fund, created under this Constitution, in order to perfect a general system of State highways; * * *" In obedience of this mandate LSA–R.S. 48:-161 provides: "The General Highway Fund, as provided for by Section 22 of Article VI of the Louisiana Constitution of 1921, shall consist of revenues specifically set forth therein, together with any moneys or revenues which may be received under the dedication of the constitution or legislature or from the federal government, and such other moneys and revenues as the legislature may provide. All such moneys and revenues shall be paid into the state treasury for the exclusive use and purposes of this Chapter, except as may be otherwise provided by law. The treasurer may disburse these revenues in accordance with the provisions of this Chapter."

LSA–R.S. 48:163 provides in part: "All moneys of the General Highway Fund, together with any other moneys the control, administration, disbursement, or expenditure of which the department is charged with, shall be disbursed by the department in the payment of its expenses, including the compensation of its officers and employees, and in the performance of its duties and functions. * * *"

█ Thus in view of the above-quoted laws the awarding of the contract in question was clearly within the scope of authority granted thereby to the Department of Highways and it enjoys the full authority to pay, out of the general Highway Fund, the fees due to plaintiff pursuant to the terms of the subject contract.

█ Having the authority to enter into this contract with plaintiff, thereby employing their services to plan and design an administration building for the Department of Highways, and having received the benefits of said services, it follows that the said Department, defendant herein, not only has a right, but has an absolute duty to discharge the obligation incurred by its

terms. The right and authority of the Department of Highways to contract and its corresponding duty to perform under contracts entered into by it, including its right and obligation to expend money pursuant to the terms of such contract has been consistently recognized in our jurisprudence. See Makofsky v. Department of Highways, La.App., 12 So.2d 485; Department of Highways of Louisiana v. Morse Bros. & Associates, Inc., 5 Cir., 211 F.2d 140.

Accordingly, for the reasons assigned, the judgment appealed from is affirmed.

FOURNET, C. J., absent.