162 So.2d 73 (1964)
Camille MEO, wife of and August H. KALLENBERG
v.
Margaret G. KLAUSE and Department of Highways, State of Louisiana.
No. 1330.
Court of Appeal of Louisiana, Fourth Circuit.
March 2, 1964.
Rehearing Denied April 6, 1964.
Writ Refused May 27, 1964.
*74 Tucker & Schonekas, Clifton S. Carl, New Orleans, for plaintiffs-appellees.
D. Ross Banister, Philip K. Jones, Norman L. Sisson, Robert J. Jones, William J. Doran, Jr., Baton Rouge, for Louisiana Dept. of Highways, defendant, third-party plaintiff, appellant.
Joseph F. Grefer, Nestor L. Currault, Jr., Gretna, for Margaret G. Klause, defendant, third-party defendant, appellee.
Before McBRIDE, YARRUT and CHASEZ, JJ.
YARRUT, Judge.
Plaintiffs brought this suit against Defendants to be declared owners of property sold at tax sale, alleging that the sale was an absolute nullity because the taxes had previously been paid before the sale. The property involved is described as:
"One Certain Square or plot of ground, together with all the improvements thereon, and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Manson Subdivision, Jefferson Parish, and designated by the Plot No. 37, which forms part of the Square bounded by Cleary Avenue, Durand Street, Richland Avenue and Albert Street, and measures according to map of Manson Subdivision by S. A. Calongne Sons, dated May 30, 1926, as follows: Plot No. 37 forms the corner of Cleary Avenue and Durand Street and measures Two Hundred (200') feet front on Durand Street, a width in the rear on a line separating it from Plot 38 of 200 feet by a depth on the side lines separating it from Plot No. 98 of 200 feet and a depth and front on Cleary Avenue of 200 feet."
Defendant, Mrs. Klause, purchased the property from the Sheriff and Ex-officio Tax Collector for the Parish of Jefferson, in September 1956, for delinquent taxes due the State for the year 1955, under LSA-Revised Statutes, § 47:2183, for $32.86, taxes, interest and costs. In February 1961, Mrs. Klause by conventional sale transferred to the State and the Department of Highways of the State, for highway purposes, for a sale price of $2,825.87, a portion of Plot No. 37, Manson Subdivision, Jefferson Parish, a part of the above described square she acquired at the tax sale, with a stipulation that the property was sold and delivered "under all lawful warranties."
The Department of Highways called its co-Defendant, Mrs. Klause, by third-party action to defend its title against Plaintiffs' demands and, in the alternative, prayed for a judgment against her for the purchase price it paid to her.
The District Court on the main demand rendered judgment cancelling and annulling both the tax sale to Mrs. Klause and her sale to the Department of Highways of the State, and adjudged Plaintiffs to be the owners of the square of ground.
On the third-party action there was judgment in favor of Mrs. Klause, third-party Defendant, and against the Department of Highways of the State, dismissing the latter's demand for the return by her of the purchase price she received from third-party Plaintiff.
The only appeal before us is by the Department of Highways of the State from the judgment against it as third-party Plaintiff, in favor of third-party Defendant, Mrs. Klause. No appeal was taken from the judgment in favor of Plaintiffs against both Defendants in the main demand
The sole issue is whether or not the Department of Highways is entitled to recover from its vendor, Mrs. Klause, the purchase price paid to her for the property from her at the conventional sale.
The District Court, in Reasons for Judgment on the third-party demand, inter alia, said:
"* * *

*75 "The Court is of the opinion that the State is charged with knowledge of the facts contained on the State tax rolls; that at the time of this tax sale the State had actual, if not constructive knowledge of the danger of eviction of the purchaser; that despite the contractual warranty in the re-sale to the State, the State, as the vendor of its vendor, is estopped to rely on said warranty and may not recover the price paid to Mrs. Klause for the rights, such as they were, which it sold to Mrs. Klause. When the State re-acquired the property, it knew her title had not been confirmed and that the property, if the sale was valid, was subject to redemption by the owner thereof."
We cannot agree with the District Court in refusing to render judgment in favor of the Department of Highways for the return of the purchase price paid by it to Mrs. Klause at the conventional sale. LSA-Civil Code, Article 2452, provides that a sale of a thing belonging to another is null and the purchase price so paid is without consideration. Armstrong v. Dantoni, La.App., 19 So.2d 293.
Under Constitution Article 10, § 11, L.S.A. the sale of property for taxes already paid under a dual assessment, is absolutely null and not protected by the constitutional peremption. Mansfield Hardwood Lumber Company v. Butler, 234 La. 322, 99 So.2d 129; Magnolia Petroleum Co. v. Marks, 225 La. 805, 74 So.2d 36; Third Dist. Land Co. v. Lassere, 204 La. 451, 15 So.2d 850.
The District Court correctly stated that, when the State, through the Sheriff and Ex-officio Tax Collector for the Parish of Jefferson, sold the property to satisfy the delinquent taxes, the State did not warrant title to the purchaser; but was in error in holding the State was the owner and vendor of the property at the tax sale to Mrs. Klause.
The interest conveyed at a tax sale for delinquent state taxes by a tax collector is only that owned by the delinquent taxpayer. LSA-Revised Statutes, § 47:2183-§ 47:2184.
The adjudication for delinquent taxes to a tax purchaser by a sheriff under LSA-Revised Statutes, § 47:2183, is distinguished from an express adjudication to the State, in that the State is not invested with title to the involved property and, therefore, cannot and does not itself grant title thereto. It possesses only a lien and privilege on the property to secure payment of its delinquent taxes and, in the enforcement of that security can, pursuant to legislative authority, cause the sale of the property. Dyer v. Wilson, La.App., 190 So. 851.
The Department of Highways is declared to be a body politic and corporate. LSA-Revised Statutes, § 48:22. Our courts have stated that the Highway Commission (now known as the Highway Department) is a distinct legal entity from the State of Louisiana. In Saint v. Allen, 172 La. 350, 134 So. 246, at p. 249, the Supreme Court stated:
"The Commission, in our opinion, is a distinct legal entity from the state. Section 3 of Act No. 95 of 1921 (Ex. Sess.) makes it a body corporate, with power as such to sue and be sued. It is an agency of the state, and not the state itself, created for the purpose of executing certain duties, devolving primarily upon the state. In a general sense, in its relations to the state, it is not dissimilar to levee districts, which are bodies corporate, created for the purpose of constructing and maintaining levees, which are duties, devolving primarily upon the state." Murff v. Louisiana Highway Commission, 19 La.App. 847, 140 So. 863.
The Department of Highways acquired the title conventionally and with full warranty from Mrs. Klause, and is entitled to the restitution of the purchase price paid to her for an invalid title. LSA-Civil Code, Articles 2506 and 2452.
*76 For the reasons assigned, the judgment of the District Court on the principal demand, in favor of Plaintiffs, declaring them to be owners of the property involved and annulling both the tax sale to Defendant, Mrs. Klause, and her conventional sale to her co-Defendant, the Department of Highways, is affirmed. However, the judgment of the District Court denying recovery to Defendant, Department of Highways, in its third-party action, is reversed and, judgment rendered in favor of third-party Plaintiff, Department of Highways of the State of Louisiana, and against third-party Defendant, Mrs. Margaret G. Klause, in the full sum of Two Thousand, Eight Hundred Twenty-five and 87/100 Dollars ($2,825.87), less credit of Thirty-two and 86/100 Dollars ($32.86), paid by her to the Sheriff and Ex-officio Tax Collector for the Parish of Jefferson at the invalid tax sale. Brown v. Pontchartrain Land Co., 49 La.Ann. 1779, 23 So. 292.
All costs to be paid by third-party Defendant, Mrs. Margaret G. Klause, in both courts.
Judgment affirmed in part; reversed in part.