ELLIS, Judge.
This appeal grows out of an automobile accident which occurred June 17, 1963, at the intersection of North Foster Drive and Florida Street in the City of Baton Rouge. All relevant facts were stipulated by the parties and the case was submitted to the trial court on a single legal issue involving coverage.
Plaintiff, Hamilton E. Jones, an employee of the Department of Highways of rthe State of Louisiana, was driving an .automobile owned by that Department within the course and scope of his employment 'He was struck in the rear by an automobile owned by the Department of Agricul-ture and Immigration of the State of Loui•siana and driven by Rufus G. Felder, an •employee of that Department, within the •course and scope of his employment The .accident resulted from the negligence of Rufus G. Felder and all parties have agreed -that if there is coverage, judgment in favor •of plaintiff and against Felder and Employers should be rendered in the amount • of $1,665.00 plus legal interest
Houston Fire and Casualty Insurance ■Company, the workman’s compensation insurer of the Louisiana Department of Highways, filed a petition of intervention under .authority of R.S. 23:1161 et seq., seeking -the recovery of $165.00 paid as medical expenses for the treatment of Hamilton E. Jones.
Jones instituted this suit against Employers Liability Assurance Corporation, Ltd., .and Rufus G. Felder but Employers de-•dined to defend the suit insofar as it was brought against Felder, taking the posi-tion that Felder was not an “omnibus insured” under the terms of the policy, having been excluded under the terms of the '“cross employee exception”. Felder is seeking judgment against Employers in an .agreed amount of $500.00 as attorneys fees.
The trial court rendered judgment in favor of Hamilton E. Jones against Rufus •G. Felder and Employers; in favor of Houston Fire and Casualty Insurance Company against Hamilton E. Jones; and in favor of Rufus G.'Felder against Employers, all in the stipulated amounts. From that decision Employers Liability Assurance Corporation has appealed.
The policy issued by Employers and on which this suit is based insures the State of Louisiana. There is another policy in existence issued by Employers to the State of Louisiana, Department of Highways.
The policy sued upon contains what is commonly known as the “cross employee exception” which denies the benefits of the omnibus insuring clause:
“(2) To any employee with respect to injury to or sickness, disease, or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer.” (Emphasis added.)
That clause is applicable only in the case where the two employees involved in the accident are employees “of the same employer”. The sole legal question for determination, therefore, is whether or not Jones, as an employee of the Department of Highways, and Felder, as an employee of the Department of Agriculture and Immigration, were employees “of the same employer”, that is, the State of Louisiana.
The jurisprudence of this State convinces us that the parties to this accident were employed by separate employers and that, accordingly, the cross employee exception has no applicability in this case and that the judgment of the lower court should be affirmed.
In the case of Saint v. Allen, 172 La. 350, 134 So. 246, the Attorney General of the State of Louisiana sued the Louisiana Highway Commission and its five attorneys alleging that the Attorney General of the State of Louisiana was, by constitutional provision, to have charge of all legal mat *536 ters in which the State has an interest or to which the State is a party. The Supreme Court found by reviewing the act creating the Highway Commission that it was a separate legal entity from the State. At page 249 of that opinion we find the following explanation:
“The commission, in our opinion, is a distinct legal entity from the state. Section 3 of Act No. 95 of 1921 (Ex. Sess.) makes it a body corporate, with power as such to sue and be sued. It is an agency of the state, and not the state itself, created for the purpose of executing certain duties, devolving primarily upon the state. In a general sense, in its relations to the state, it is not dissimilar to levee districts, which are bodies corporate, created for the purpose of constructing and maintaining levees, which are duties, devolving primarily upon the state. It was held in State v. Standard Oil Co., 164 La. 334, 357, 113 So. 867, and in State v. Tensas Delta Land Co., 126 La. 59, 52 So. 216, that a levee district, though the creature and an agency of the state, had, as long as it was permitted to exist, a separate existence from the state, and that the state could not sue on causes of action accruing to the district. Nor, in a general sense, is the commission dissimilar, in its relations to the state, to the board of commissioners of the Port of New Orleans, concerning which it was held that the board, as a body corporate, had a separate existence from the state, and, though an agency thereof, did not enjoy the immunity from the prescription, liber-andi causa, enjoyed by the sovereign. Board of Commissioners of Port of New Orleans v. Toyo Kisen Kaisha, 163 La. 865, 113 So. 127. These cases are pertinent here for the purpose of showing that the Louisiana highway commission is a separate legal entity from the state.”
Even Justice O’Niell who dissented from the opinion on the majority said at page 251:
“The lengthy argument, made in the prevailing opinion in this case, to demonstrate that the highway commission is not the state itself, is beside the question. No one has contended that the highway commission is the state, or that it is anything more than a state agency or commission.”
This theory was followed in four subsequent cases: Short & Murrell v. Department of Highways, 233 La. 735, 98 So. 2d 170; Poirier v. T. L. James Company, et al., La.App., 163 So.2d 171; Kallenberg v. Klause, La.App., 162 So.2d 73; and: Murff v. Louisiana Highway Commission, 19 La.App. 847, 140 So. 863.
The Department of Agriculture and' Immigration is, unlike the Highway Department, a political subdivision of the-State and not a separate entity. La. Constitution Art. 6 Sec. 13.
The defendant insurance company, in a very scholarly brief, has sought to-maintain the position that, as plaintiff was-entitled to workmen’s compensation benefits from the State of Louisiana, the cross employee exception is applicable. This-position, while a correct statement of law, assumes that the State of Louisiana is the employer of both. This is not the case as has already been demonstrated. Jones was-entitled to workmen’s compensation benefits from his employer, the Department of Highways, but not from the State of Louisiana.
The cross employee exception has no applicability to the facts before us. The judgment of the lower court is affirmed.
Affirmed.