382 So.2d 924 (1980)
Thomas J. WEST, Jr., et al.
v.
Douglas A. ALLEN et al.
No. 65858.
Supreme Court of Louisiana.
April 7, 1980.
Ross P. LaDart, Harvey, for defendants-respondents.
John L. Avant, Avant, Wall, Thomas, Riche & Falcon, Baton Rouge, for plaintiffs-applicants.
*925 DIXON, Chief Justice.[*]
The plaintiffs, Jefferson Parish firemen, brought this suit to compel the members of the Jefferson Parish Council to comply with Article 10, § 16 of the Constitution of 1974 relative to the establishment of a system of classified fire and police civil service to apply to all parishes with a regularly paid fire department. The plaintiff firemen contend that the action of the council in maintaining a general civil service system including all parish employees is contrary to the constitutional provision providing for a statewide system to include only firemen and policemen. The plaintiffs further contend that the council has a ministerial duty to comply with Article 10, § 16 and with legislative enactments which provide for the operation of the statewide system. The defendants answered by claiming that the parish's civil service system was authorized by its Home Rule Charter which had been continued in effect by Article 6, § 4 of the Constitution of 1974. The trial court dismissed plaintiffs' suit, holding that Article 10, § 16 had no application to the Parish of Jefferson. The Court of Appeal affirmed. This court granted writs to review the actions of the lower courts.
Part 1 of Article 10 of the Constitution provides for the establishment of a state and city civil service system to be applicable to the employees of the state (but not local governmental subdivisions) and to employees of cities with populations of over four hundred thousand. Article 10, § 1. Parishes, and cities with populations of over ten thousand but less than four hundred thousand, may elect to be governed by Part 1 of Article 10 by a majority vote. Article 10, § 14. In addition, parishes and cities with a population of less than four hundred thousand may have, by act of either the legislature or of the local governing authority, a civil service system applicable to any or all local employees, except that, in cities with a population of over thirteen thousand and in the parishes, firemen and policemen are expressly excluded from such local civil service systems. Article 10, § 15.
Part 2 of Article 10 is entitled "Fire and Police Civil Service." The initial provision, § 16, provides:
"A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department."
That section creates, as a matter of constitutional law, a system of fire civil service applicable to all parishes. Article 10, § 18 provides that while the legislature can make some modifications in the fire and police system, it cannot make the system inapplicable to any parish having a regularly paid fire department. Article 10, § 19 provides that no provision of Part 1 authorizing political subdivisions to be placed under the provision of that Part shall authorize the inclusion of firemen and policemen in a system under Part 1.
Jefferson Parish operates a regularly paid fire department; members of the department are included in the parish's general civil service system as provided in the parish's Home Rule Charter. The parish admits that "Jefferson Parish has not heretofore established a separate system of classified fire and police civil service as provided in LSA-R.S. 33:2531, et seq. and Article X, Section 16, et seq. of the Louisiana Constitution of 1974."
The parish contends that its firemen need not be included in the statewide special fire and police civil service system because its general system is operating under the parish Home Rule Charter, and the provisions of such charters were carried over by the Constitution.
Article 6, § 4 of the Constitution, on which the parish relies, provides:

*926 "Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may be amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions."
The parish argues that this provision continued in effect the provisions of its charter, including its civil service system.
Jefferson Parish's Home Rule Charter creates a civil service system which includes the firemen and policemen. That function of the local governmental subdivision (Jefferson Parish) is inconsistent with the 1974 Constitution, which in Part 2 of Article 10 (§§ 16-20) establishes a system of classified fire and police civil service. The inconsistencies are: the Jefferson system includes police and firemen in the system with all other employees, while the Constitution establishes a system of fire and police civil service which applies to towns larger than thirteen thousand and to all parishes with paid fire departments; the constitutional system covers all towns of a certain size, and all parishes, while Jefferson Parish seeks to exclude its firemen from the constitutional system; the Constitution authorizes civil service systems for political subdivisions, specifically excluding from them police and firemen (Article 10, § 19), while Jefferson includes police and firemen with all other employees in its civil service system.
The plaintiffs instituted this suit alleging that the Jefferson Parish Council had a ministerial duty to establish a separate fire civil service system in compliance with Article 10, § 16 of the Constitution. R.S. 33:2531. The plaintiffs prayed for an alternative writ of mandamus to issue directing the council to establish such a system. The parish contends, however, that the mandamus is not the appropriate remedy in this dispute on the grounds that the plaintiffs' petition exhibited confusion as to the law which should be applied by the defendants, and that it reveals no "ministerial duty", a prerequisite to mandamus required by C.C.P. 3863. Whether the obligation of the parish to comply with the constitutional and statutory provisions requiring a separate civil service system for firemen is a "ministerial duty" is beside the point. C.C.P. 2164 provides that an "appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." The Official Revision Comment to that provision states that "the purpose of this article is to give the appellate court complete freedom to do justice on the record irrespective of whether a particular legal point or theory was made, argued, or passed on by the court below." In their pleadings the plaintiffs have clearly raised the issue of whether Jefferson Parish firemen are part of the civil service system established under the Jefferson Parish Home Rule Charter or of the system created by Article 10, § 16 of the Constitution. The pleadings state a cause of action for declaratory relief as to which system governs their employment. This court, therefore, should render such relief as the record supports. Cox v. W. M. Heroman Co., Inc., 298 So.2d 848 (La.1974); Greer v. Rohrer, 346 So.2d 1290 (3d Cir. 1977).
For the reasons assigned, the judgments of the courts below are reversed and set aside. Judgment is hereby rendered in favor of the plaintiff firemen declaring that the classified civil service system for firemen and policemen established by Article 10, § 16 of the Constitution and R.S. 33:2531, et seq. is applicable to the Parish of Jefferson and the firemen it employs; all costs are to be paid by the defendants-respondents.
NOTES
[*] Honorable Edward A. de la Houssaye III participated in this decision as an Associate Justice Ad Hoc.