Dear Mr. Jones:
You have requested an opinion from this office with regard to whether the adoption of the proposed Home Rule Charter for Lafayette City-Parish Consolidated Government, a copy of which was enclosed with your request, and which "may go before the voters in November", will "change the Civil Service status of the the City's Fire and Police personnel", and, if so, what its effects will be.
The police and fire departments of the City of Lafayette are covered by Article X, Section 16 of the Louisiana Constitution of 1974 and LSA-R.S. 33:2471, et seq.
Article X, Section 16 provides, in pertinent part, as follows:
 A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department . . . (emphasis added)
The mandate of Article X, Section 16 is carried out through the provisions of LSA-R.S. 33:2471, et seq.
With regard to the adoption of home rule charters, Article VI, Section 5 of the Louisiana Constitution of 1974 provides, in pertinent part, as follows:
 (E) Structure and Organization; Powers; Functions. A home rule charter adopted under this Section [5] shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any function necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution. (emphasis added)
A home rule charter may not legally take or have precedence over the constitution or state statutes. West v. Allen, 382 So.2d 924
(La. 1980). It is therefore the opinion of this office that Article X, Section 16 of the Louisiana Constitution of 1974 and LSA-R.S. 33:2471, et seq. are applicable to the City of Lafayette, notwithstanding the provisions of the proposed home rule charter. Thus, the Civil Service provisions contained in the proposed home rule charter for the Lafayette City-Parish Consolidated Government may not lawfully deny (overrule or contradict) the provisions of LSA-R.S. 33:2471, et seq., or be inconsistent with Article X, Section 6 of the Louisiana Constitution of 1974.
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RIP/NWE:pb-1713o