Dear Mr. Tillman:
You have requested an opinion from this office with regard to whether the rules adopted by the Leesville Municipal Fire and Police Civil Service Board (Board) relative to annual and sick leave for fire and police personnel have precedence over a personnel ordinance enacted by the Leesville City Council with which they conflict.
Article 10, Section 16 of the Louisiana Constitution of 1974 creates the Fire and Police Civil Service systems. The City of Leesville is governed by LSA-R.S. 33:2531, et seq., entitled "Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts", which applies to municipalities with populations between seven and thirteen thousand.
LSA-R.S. 33:2557, provides, in pertinent part, as follows:
 The Board shall adopt rules to provide for leaves of absence in the various classes of the classified service. Such rules shall provide for annual vacation and sick leaves with pay, and for special leaves with or without pay. They may provide for special extended leaves with or without pay or with reduced pay for employees disabled through injury or illness arising out of their employment. The right to regulate the time at which any employee may take an annual leave, or any other leave which is not beyond the control of the employee, shall be vested at all times in the appointing authority. (Emphasis added).
In West v. Allen, 382 So.2d 924 (La. 1980), the Louisiana Supreme Court held that the classified civil service system established by the Constitution and Revised Statutes, specifically LSA-R.S. 33:2531 et seq., was applicable to firemen and policemen employed by the parish of Jefferson despite the fact that the Parish's general civil service system, operated under the parish's home rule charter, had been carried over by Article 6, Section 4 of the Constitution. Further, Civil Service rules, adopted by the Board pursuant to its statutory and constitutional authority, have the force and effect of law.
Therefore, it is the opinion of this office that, pursuant to Article 10, Section 16 and LSA-R.S. 33:2531, et seq., and specifically, 33:2557, the Board's has the exclusive authority to adopt rules and regulations relative to the vacation and/or sick leave of fire and police personnel of the City of Leesville, and that this authority preempts the City's authority, under its home rule charter, to enact ordinances which conflict with these provisions.
Trusting this to be sufficient for your purposes, I am
Yours very truly
 RICHARD P. IEYOUB, Attorney General
 BY: NORMAN W. ERSHLER Assistant Attorney General
RPI/NWE:pb-0657l