621 So.2d 176 (1993)
Jane VARNADO
v.
SOUTHERN UNIVERSITY AT NEW ORLEANS.
No. 92-CA-2798.
Court of Appeal of Louisiana, Fourth Circuit.
June 30, 1993.
*177 Raymond C. Burkart, Jr., Kendra Lanata Van Dalen, New Orleans, for appellee.
Richard P. Ieyoub, Atty. Gen., Jeffery M. Lynch, Asst. Atty. Gen., New Orleans, for appellant.
Before CIACCIO and LOBRANO and LANDRIEU, JJ.
LANDRIEU, Judge.
Appellant Southern University at New Orleans ("SUNO") appeals the preliminary injunction granted in favor of the plaintiff, enjoining defendant SUNO, its students, employees and agents or third parties from parking on SUNO's lots located adjacent to plaintiff's property. Finding no error in the judgment of the trial court, we affirm.

FACTS
Southern University of New Orleans owns lots 6E and 6F in Square 34, Pontchartrain Park, bounded by Mexico Street, Campus Boulevard and Providence Place. On or about September 10, 1990, SUNO authorized and allowed its students to park their cars on these two lots. Because the two lots consisted of grassy open areas with no means of ingress or egress onto the space, SUNO students regularly used plaintiff's driveway to gain access to the lots. On several occasions, the students blocked plaintiff's driveway.
Plaintiff, Jane Varnado, owns the residential property located adjacent to lots 6E and 6F at 6216 Campus Boulevard, New Orleans. She alleged that, on at least two occasions, her wooden fence was damaged by the parking of SUNO's students. SUNO made faulty and inadequate repairs after the first incident, but failed to respond to her request for repairs after the second incident.
In order to prevent SUNO from using the two lots for parking, plaintiff filed a petition for damages and a writ of injunction. Receiving assurances from SUNO's Chancellor that barriers would be erected and the fence would be repaired, the trial judge delayed the hearing date on the rule to show cause from September 3rd to September 25, 1992. During this period, SUNO began to pave the two lots. Alleging irreparable harm and a violation of zoning ordinances of the City of New Orleans and the State of Louisiana, plaintiff filed a supplemental and amending petition requesting that SUNO be enjoined from building a paved parking lot.
Following a hearing, the trial court granted the preliminary injunction enjoining SUNO, its students, employees, and agents or third parties at their command from parking on the SUNO lots adjacent to Varnado's property. Asserting the state's police power as its authority to use the state-owned land as a parking lot, SUNO now appeals.

DISCUSSION
SUNO contends that it is not required to comply with any city zoning ordinances which attempt to regulate the use of state land. The zoning laws which plaintiff desires to enforce were enacted by the City of New Orleans pursuant to its municipal police power, a power granted by the state.
Article 5, Section 1.2 of the Comprehensive Zoning Ordinance of the City of New Orleans lists the permitted uses of buildings or land in RS.1 and RS.2 Single-Family Residential Districts. A parking lot is not a permitted use. Article 7, Section 4 requires the landowner to obtain a Conditional Use approval in accordance with Article 15 of the Ordinance before a lot may be used for parking facilities.
Local governments are given the authority to regulate land use and zoning under their home rule charters. La. Const. Art. 6, Section 17 (1974).[1] A home rule *178 charter government possesses, in affairs of local concern, powers which within its jurisdiction are as broad as that of the State, except when limited by the constitution, laws permitted by the constitution, or its own home rule charter. City of New Orleans v. Board of Commissioners, 612 So.2d 318, 321 (La.App. 4th Cir.1993) (citing Francis v. Morial, 455 So.2d 1168, 1171 (La.1984)). In exercising this grant of authority, however, the local government cannot abridge the state's police power. La. Const. Art. 6, Section 9(B) (1974). Since the municipal police power is subordinate to that retained by the State, municipal zoning ordinances cannot control the State's use of its property in performing a governmental function. City of New Orleans v. State, 364 So.2d 1020, 1023 (La. 1978).
The oversight body for SUNO, the Board of Supervisors of Southern University and Agricultural and Mechanical College, was created as a body corporate which is a separate and distinct legal entity from the State of Louisiana. La.Rev.Stat. Ann. § 17:1851(A) (West 1982); Kallenberg v. Klause, 162 So.2d 73 (La.App. 4th Cir. 1964); Watermeier v. Louisiana Stadium & Exposition Dist., 235 So.2d 114, 118 (La.App. 4th Cir.1970); Lincoln Parish School Board v. Ruston College, 162 So.2d 419, 425 (La.App. 2d Cir.1964).
In the instant case, SUNO had the authority to acquire land and construct parking lots in pursuit of its duty to provide a college education to its students. However, SUNO was not acting as the alter ego of the State in constructing the parking lot nor was it exercising the police powers of the State.
SUNO does not question the constitutionality of the comprehensive zoning ordinance of the City of New Orleans. It alleges only that the ordinance does not apply to its use of this off-campus property, and therefore, it need not comply with the provisions of the ordinance.
The powers of both the City of New Orleans and SUNO are derived from the State. The City is a general purpose political subdivision of the State and SUNO is an agency of the State. Each has paramount power when exercising its authority in furtherance of its fundamental purpose. When their actions come into conflict, a determination must be made as to which is the most essential under the circumstances.
SUNO is a community within, and part of, a larger community. The Comprehensive Zoning Ordinance protects SUNO as well as its surrounding community by regulating land uses. Additionally, it is essential to the health, safety and welfare of the people of New Orleans and is an exercise of police power. The conversion of two lots of ground from residential to parking use is not an exercise of the State's police power and does not appear to be essential to the successful fulfillment of SUNO's fundamental mission of education.
SUNO had the opportunity to apply to the City of New Orleans for a conditional use or a zoning change. Since SUNO has made no such application to the City of New Orleans nor shown that the City was unreasonably using its police powers to interfere with the fundamental mission of the University, the judgment of the trial court is affirmed.
AFFIRMED.
NOTES
[1] La. Const. Art. 6, Sect. 17 (1974) provides:

Subject to uniform procedures established by law, a local governmental subdivision may (1) adopt regulations for land use, zoning, and historic preservation, which authority is declared to be a public purpose; (2) create commissions and districts to implement those regulations; (3) review decisions of any such commission; and (4) adopt standards for use, construction, demolition, and modification of areas and structures. Existing constitutional authority for historic preservation commissions is retained.