673 So.2d 1289 (1996)
Jane VARNADO
v.
SOUTHERN UNIVERSITY AT NEW ORLEANS.
No. 95-CA-2619.
Court of Appeal of Louisiana, Fourth Circuit.
May 1, 1996.
*1290 Raymond C. Burkart, Jr., Kendra LaNata Van Dalen, New Orleans, for Plaintiff-Appellee.
Richard P. Ieyoub, Attorney General, Ray A. Benitez, III, Assistant Attorney General, Louisiana Department of Justice, New Orleans, for Defendant-Appellant.
Before SCHOTT, C.J., and CIACCIO and JONES, JJ.
SCHOTT, Chief Judge.
This is an action for a permanent injunction and damages sustained by a property owner against her next door neighbor, Southern University at New Orleans (SUNO), from the operation of an illegal parking lot by SUNO on lots adjacent to plaintiff's property. The trial court granted the injunction and awarded damages in the amount of $11,000. SUNO has appealed. The issues are whether plaintiff is entitled to damages as a matter of law and whether the damages are excessive. We affirm.
Plaintiff instituted these proceedings in August 1992 and initially sought a preliminary injunction against SUNO. On September 25, 1992, the trial court issued a preliminary injunction and SUNO appealed from this judgment. In Varnado v. Southern University, 621 So.2d 176 (La.App. 4th Cir. 1993), this court affirmed that judgment. By reference to that opinion a number of facts which SUNO continues to question were established. Furthermore, those factual findings were supported by the testimony and evidence taken at the trial of the permanent injunction and claim for damages which resulted in the judgment now on appeal. The facts are summarized below.
SUNO owned some lots adjacent to plaintiff's property which it allowed its students to use for parking starting in 1990. Because the lots were not otherwise reasonably accessible from the street students and others crossed over plaintiff's driveway to enter the lots. This was a continuous flow of traffic which plaintiff estimated to consist of 100 to 150 cases per day. The lots were unpaved and without any sort of controls for parking. Cars were parked in helter-skelter fashion and routinely were parked against plaintiff's fence without any sort of restraint or barricade to protect the fence. Consequently, plaintiff's fence was damaged along with her concrete driveway from the heavy flow of traffic over it.
SUNO's officials were well aware of this problem which was not only obvious but which was specifically called to their attention by plaintiff and other neighbors. At one point SUNO made some minor repairs to plaintiff's fence but these were hardly adequate and subsequent damage continued to be inflicted on the fence as SUNO continued to allow the lots to be used for parking. The lots were zoned for residential use and the operation of the parking lot was in violation of the zoning law. Not until the preliminary injunction was issued in September 1992 did SUNO take action to close the lots to parking by placing barriers around them. SUNO previously took the position that it was above and could ignore the zoning law of the City but this position was rejected by this court in the previous appeal.
*1291 The legal basis for SUNO's liability is found in tort pursuant to LSA-C.C. art. 2315 as well as property law under C.C. arts 667-668. In order to determine whether SUNO is liable in tort a duty-risk analysis is helpful. SUNO was operating a parking lot on its property. In doing so it violated the zoning law which in itself constituted a breach of duty. To make matters worse, SUNO's parking lot was inaccessible except by way of plaintiff's property. This conduct was clearly unreasonable. Finally, common sense dictates that the operator of a parking lot owes a duty to his neighbor to protect the neighbor's fence from damages by his patrons' automobiles by means of the kind of barriers commonly used in parking lots and parking buildings along fences, shrubs and walls. SUNO breached a number of duties and these breaches caused plaintiff's damages. Liability under C.C. art. 2315 was established.
Additionally, a proprietor may use his property as he pleases, but he may not deprive his neighbor of enjoying his own property and he may not cause any damage to him. C.C. art. 667. This does not deprive one of using his property as he pleases even though it causes some inconvenience to his neighbor. Art. 668. The question becomes whether SUNO's parking lot was merely an inconvenience for plaintiff or something worse. This daily, continuous heavy flow of traffic across plaintiff's property was not a mere inconvenience. At times it was so bad that plaintiff had to await her turn to enter or to leave her own carport. Furthermore, the operation of the parking lot without any precautions against damage to plaintiff's adjacent property was not the kind of conduct which is protected by art. 668. SUNO's conduct can be said to constitute an abuse of its right of ownership so as to make it liable under C.C. art. 667. See Yiannopoulos, Louisiana Civil Law Treatise: Predial Servitude, Volume 4, Chapter 3, § 50 at 142.
As to the amount of damages, the award of $11,000 included the costs of repairs to plaintiff's fence and driveway. She produced some evidence to show that these costs amounted to $2,691. If the trial court was satisfied that these costs were established he awarded the balance of $8,309 for general damages. In any event the record clearly supports an award for some amount to make the repairs and the question becomes whether the overall award of $11,000 constitutes an abuse of the trial court's great discretion.
Plaintiff for two years was subjected to severe irritation and anxiety. She was deprived of the peaceful enjoyment of her home. She saw her property being damaged. All this took place on a daily basis, day and night. When she tried to do something about it, she was verbally abused and threatened by SUNO's student parkers and when she complained to SUNO's officials she was ignored. Only after she hired an attorney and obtained injunctive relief did SUNO's continuous ongoing abusive and illegal conduct come to an end. Under the latest jurisprudence of the Supreme Court we cannot conclude that the award was abusive of the trial court's discretion.
Plaintiff answered the appeal seeking damages for a frivolous appeal. We find no merit in this position.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.