Dear Mr. Brock:
You have requested an opinion of the Attorney General regarding your membership in the Parochial Employees' Retirement System of Louisiana (PERS). You state that you are employed by the Causeway Police Department (Department) and also serve as an elected member of the Washington Parish Council (Council). The Council was created in November, 1998, as a result of the adoption of a Home Rule Charter (Charter). Prior to that date, the governing authority of the parish was the Washington Parish Police Jury (Police Jury), of which you were also a member.
You further state that you were employed by the Department and served on the Police Jury prior to January 1, 1997, and both positions were covered by PERS. However, the Charter contains a provision which prohibits Council members from participating in PERS. As a result thereof, contributions to PERS attributable to your Council position were discontinued.
Pursuant to your request, and our subsequent telephone conference, the following issues have been submitted for our resolution:
 (1) Under the factual scenario presented, can your membership in PERS, as it relates to your position on the Council, be discontinued by operation of the Charter?
 (2) To what extent will your retirement benefits be affected in the event you are reelected to the Council, and subsequently retire from the Department at the end of one year?
We believe the following constitutional and statutory provisions are relevant to your questions:
 1974 La. Const. Art. VI, § 5(E):
 (E) Structure and Organization; Powers; Functions.
 A home rule charter adopted under this Section shall provide the structure and organization, powers, and functions of the government of the local governmental subdivision, which may include the exercise of any power and performance of any functions necessary, requisite, or proper for the management of its affairs, not denied by general law or inconsistent with this constitution. (Emphasis added.)
 1974 La. Const. Art. X, § 29.1:
 § 29.1 Part-time Public Officials
 Section 29.1. (A) Except as provided in Paragraph (B), the following elected or appointed officials are hereby deemed to be part-time public servants who, based on such part-time service, shall not participate in, or receive credit for service in, any public retirement system, fund, or plan sponsored by the state of Louisiana or any instrumentality or political subdivision thereof:
 (1) Any legislator or any member of a school board, levee board, police jury, or parish council.
 * * *
 (B) The provisions of Paragraph (A) shall not apply to any person who is serving on January 1, 1997, in any elected or appointed position set forth in Paragraph (A) and who is also a member on January 1, 1997 of a retirement system covering that position.
 R.S. 11:1924:
 § 1924. Termination of membership
 An employee shall cease to be a member upon the occurrence of any of the following circumstances:
 (1) He resigns, is dismissed, or is otherwise separated from service.
 (2) He withdraws from active service with a retirement allowance granted under the provisions of this Chapter.
 R.S. 11:1928(D)
 § 1928. Temporary employment of retirees; permanently employed retirees; membership; calculation of additional benefit; retirees in elected positions
 * * *
 (D) Notwithstanding the provisions of R.S. 11:1902(12)(a) or 1921(A)(3), if a retired member of the system is subsequently elected to an office covered by the system, sixty days after taking the oath of office his monthly retirement benefit shall be reduced by the amount of his monthly earnings.
In answer to your first question, Article VI, Section 5(E) clearly limits the scope of the Charter to that of providing the structure, powers and functions of the Council necessary for the management of its affairs, not denied by general law orinconsistent with this constitution.
This limitation was clearly recognized in Varnado v. SouthernUniversity at New Orleans, 621 So.2d 176 (La.App. 4th Cir. 1993), wherein the Court noted that a home rule charter government possesses, in affairs of local concern, powers which within its jurisdiction are as broad as that of the State, except when limited by the Constitution, laws permitted by the Constitution or its own home rule charter. See also Attorney General Opinion No. 92-375, citing West v. Allen, 382 So.2d 924 (La. 1980), concluding that a home rule charter could not take precedence over the Constitution or state statutes.
As previously noted, Article X, Section 29.1 unequivocally provides that individuals serving as Council members and participating in PERS as of January 1, 1997, shall continue to be members of PERS. Under the factual scenario presented, you were serving as a Council member and participating in PERS prior to January 1, 1997. Applying the above case law and constitutional provisions, we opine that any provision of the Charter which excludes your membership in PERS is in violation of Articles VI, Section 5(E) and X, Section 29.1. Accordingly, the Charter provision, in question, is unconstitutional and unenforceable. We turn now to your second question.
In Attorney General Opinion No. 80-738, we addressed the issue of the circumstances under which an elected police juror could terminate his membership in PERS. Citing R.S. 33:6123 (now R.S.11:1924, quoted supra), we noted that membership in PERS is terminated when the member either (1) resigns, is dismissed or is otherwise separated from service or (2) withdraws from active service with a retirement allowance. Consequently, we held that, once a police juror joins the retirement system, he must continue his membership for the duration of the term to which he was elected, unless he terminates his membership pursuant to R.S.11:1924. Further, since reelection is not one of the causes for termination of membership, a member who is reelected must continue his membership in PERS. The fact that you may retire from the Department has no bearing on your continued membership on the Council and in PERS.
In the event you retire from both the Council and the Department, you will have satisfied the provisions of R.S. 11:1924(2), and will be eligible to receive benefits. However, if, as a retiree from PERS, you are subsequently elected to the Council, R.S.11:1928(D) requires your monthly benefit to be reduced by the amount of your monthly earnings, commencing sixty (60) days after taking your oath of office.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj