NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**09-1264**

**SIMIN MIRTAHERI, ET AL.**

**VERSUS**

**JOHN N. RHODES, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 227,332
HONORABLE MARY LAUVE DOGGETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**OSWALD A. DECUIR
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Billy Howard Ezell, Judges.

**REVERSED AND REMANDED.**

**Bonita Preuett-Armour
Rebecca Boyett
Armour Law Firm
1744 Jackson Street
Alexandria, LA 71301
(318) 442-6611
Counsel for Defendants/Appellees:
        John N. Rhodes
        Michael Marzullo
        Dr. John N. Rhodes, APMC
        Rhodes Land Company, L.L.C.
        Rhodes Pediatric Clinic**

**George D. Fagan**
**Marc E. Devenport**
**Leake & Anderson, LLP**
**1100 Poydras, Suite 1700**
**New Orleans, LA 70163**
**(504) 585-7500**
**Counsel for Plaintiffs/Appellants:**
     **Simin Mirtaheri**
     **Morteza Shamsnia**

**DECUIR, Judge.**

Simin Mirtaheri appeals a judgment of the trial court granting summary judgment in favor of Rhodes Land Company, L.L.C.

## FACTS

On March 8, 2006, Amanda Barnett, the mother of a pediatric patient of Rhodes Pediatric Clinic, drove her vehicle from the clinic's parking lot over a curb and across seven and one-half feet of grass into a building owned by Simin Mirtaheri (Mirtaheri). The clinic leased the parking lot from Rhodes Land Company, L.L.C. (Rhodes). Mirtaheri filed suit against Rhodes to recover for damage sustained to her building. Rhodes filed a motion for summary judgment which was granted by the trial court.

Mirtaheri lodged this appeal assigning five errors which may be summarized as the trial court erred as a matter of law in granting summary judgment in this case.

## DISCUSSION

An appellate court reviews summary judgments de novo, applying the same criteria as the district court in determining whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of Louisiana State Univ.*, 591 So.2d 342 (La.1991). A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material facts, and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

In this case, the trial court granted summary judgment because it believed that Rhodes owed no duty to Mirtaheri under the facts alleged. Our review brings us to the same issue. In *Parish v. L.M. Daigle Oil Co., Inc.*, 98-1716 (La.App. 3 Cir. 6/23/99), 742 So.2d 18, this court discussed at length whether a per se rule should be

utilized in determining the duty of the owner of an establishment with regard to accidents caused by third parties operating vehicles in the owner's parking lot. The court specifically declined to approve a rule that would assert that "the defendant business satisfied its duty where: (1) it provided a protective sidewalk with two-inch curb; and (2) it demonstrated that there were no prior, similar accidents at that location." *Id*. at 24 "(*quoting Molinares v. El Centro Gallego, Inc.,* 545 So.2d 387, 388 (Fla. 3d DCA), review denied, 557 So.2d 866 (Fla. 1989) (emphasis removed.))

Admittedly, the case at hand is different than *Parish* in that it involves damage to neighboring property rather than a patron on the owners' property. However, the fourth circuit has extended a duty to the owner of a parking lot for damage to neighboring property. *See Varnado v. Southern University at New Orleans*, 95-2619 (La.App. 4 Cir. 5/1/96), 673 So.2d 1289*, writ denied*, 96-1378 (La. 9/3/96), 678 So.2d 556.

We specifically decline to extend that duty to this case. However, we find that there are genuine issues of material fact in dispute with regard to the nature of the parking lot curbing, compliance with applicable standards, setbacks, and wheel blocks, etc. Accordingly, summary judgment is not appropriate in this case.

## DECREE

For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded for further proceedings. All costs of this appeal are taxed to Rhodes Land Company, L.L.C.

**REVERSED AND REMANDED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.