Dear Ms. Livingston:
As we appreciate the circumstances referenced in your correspondence, the State Examiner's Office and the Jefferson Parish East Bank Consolidated Fire Protection District Civil Service Board (hereafter, the "civil service board") both assert that the position of "Director of Fire" of the Jefferson Parish East Bank Consolidated Fire Protection District (hereafter, "the fire protection district") should by law be allocated to the fire civil service. This position is not currently within the fire protection district's classification plan. Rather, you advise that the position of Director of Fire was created by ordinance[1]
enacted by the Jefferson Parish Council (hereafter, the "parish governing authority"), and that the Council is the appointing authority for this position.[2] The duties of the Director of Fire are also established by ordinance.[3] *Page 2 
At the outset, we point out that by constitutional provision a system of classified fire civil service is created and established for "fire protection districts operating a regularly paid fire department." See
La.Const. Art. X, § 16.[4] In accord with this constitutional provision, a classified fire civil service system exists in the Jefferson Parish East Bank Consolidated Fire Protection District. The fire protection district is also subject to the provisions of the Fire and Police Civil Service Law for Small Municipalities and for Parishes and Fire Protection Districts, La.R.S. 33:2531, et seq. Under these provisions, positions in the fire department are allocated to the classified and unclassified service as set forth in La.R.S. 33:2541.[5] *Page 3 
You suggest that the incumbent in the position of Director of Fire may be performing the duties and responsibilities of the Fire Chief of the department, a position which under La.R.S. 33:2541(A)(1) is required to be allocated to the classified service. You also state that your office has "lately received information that other positions in the fire department, which otherwise appear to belong in the classified fire and police civil service, have been filled and allocated to the parish civil service system" in apparent violation of La.R.S. 33:2541.
You further state that the civil service board has attempted to initiate a job analysis of the position of Director of Fire, but the parish governing authority has declined to cooperate with the board. You ask this office to advise if the parish governing authority, as the appointing authority for the position of Director of Fire, can refuse to cooperate with a civil service board's lawful investigation, and what actions are available to the civil service board should the parish governing authority continue to refuse to respond to the board's requests for information.
La.R.S. 33:2537(1) provides that a civil service board shall "represent the public interest in matters of personnel administration in the fire and police service of the municipal government, or parish government, or fire protection district government of which the fire service is a part." Further, La.R.S. 33:2537(4) authorizes the civil service board to "make . . . upon its own motion, any investigation concerning the administration of personnel or the compliance with the provisions of this part in the fire . . . service . . . and take any other action which it determines to be desirable or necessary in the public interest or to carry out effectively the provisions and purposes of this Part."
In addition to the board's investigatory powers granted by La.R.S.33:2537, the board is also statutorily authorized to subpoena witnesses and compel the production of books and papers pertinent to the board's investigation, as authorized by La.R.S. 33:2562, providing:
 § 2562. Oath, testimony, production of records; refusal to testify
 Each member of the board shall have the same power and authority to administer oaths, subpoena witnesses and compel the production of books and papers pertinent to any investigation or hearing authorized by this Part as is possessed by the district courts of Louisiana. Any person who (1) fails to appear in response to a subpoena, (2) fails to answer any question, except those which may tend to incriminate him, (3) fails to produce any books or papers pertinent to any investigation or hearing, or (4) knowingly gives false testimony therein shall be subject to the penal provisions of this Part. In case of contumacy or refusal to obey a *Page 4 
subpoena issued to any person, the district court within the jurisdiction of which the investigation is being carried on, or within the jurisdiction of which the person guilty of contumacy or refusal to obey is found, or resides, or transacts business, upon application of the board, shall have the requisite jurisdiction to issue to the person an order requiring him to appear before the board, its member or agent, and to produce the required evidence or give testimony touching the matter under consideration or in question. Any person failing to obey such order may be punished by the court for contempt.
 Any officer or employee in the classified service who wilfully refuses or fails to appear before any court, officer, board, body or person properly authorized to conduct any hearing or inquiry, or any employee or officer who, having appeared, refuses to testify or answer any relevant question relating to the affairs of government of the municipality, parish or fire protection district or the conduct of any officer or employee thereof, except upon the ground that his testimony or answers would tend to incriminate him, shall, in addition to any other penalty to which he may be subject, forfeit his position, and shall not be eligible for appointment to any position in the classified service for a period of six years.
It is the opinion of this office that under the foregoing cited statutes the parish governing authority is required by law to cooperate with any lawful investigation conducted by the civil service board. It is also the opinion of this office that the civil service board should exercise any lawful means available to it in furtherance of a lawful investigation relative to those positions which the board decides must under law be allocated to the fire civil service.
It is not the function of this office to make factual determinations regarding whether certain positions in the fire department have been improperly allocated to the parish civil service system rather than the classified fire service. Neither is it the function of this office to make a factual determination regarding whether or not the incumbent Director of Fire is actually acting as Fire Chief of the fire department, and no such determinations are made herein. Such factual determinations are properly made by the civil service board or by the judiciary.
However, we point out here the case of West v. Allen, 382 So.2d 924
(La. 1980), in which the Louisiana Supreme Court held that the classified civil service system for firemen and policemen established by La.Const. Art. X, § 16 and La.R.S. 33:2531, et seq., is applicable to Jefferson Parish and its employed firemen, despite the parish's contention that its inclusion of these employees under the general civil service system was authorized by the parish home rule charter. It is the opinion of this office that the parish ordinance creating the position of Director of Fire, where the incumbent in this *Page 5 position is in fact acting as Fire Chief, would be invalid as violative of the fire and police civil service law, per the ruling of the Court in the West case.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KEFRRY L. KILPATRIOK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] Section 2-211 of Part II, Chapter 2, Article V, Division 7, of the Jefferson Parish Code of Ordinances provides: Sec. 2-211. — Position of director of fire created. The position of director of fire is hereby created, which position shall have administrative supervision over the East Bank Consolidated Special Service Fire Protection District and any other such fire services activities and/or responsibilities as the parish president may direct.
[2] Section 2-212 provides:
Sec. 2-212. — Qualifications and appointment of director of fire.
(a) Qualifications. The director of fire shall possess a knowledge of the daily operations of fire functions, budgeting techniques and management planning; demonstrate an ability to organize and lead; and possess proven oral and written communication skills. The director of fire shall also possess a four-year degree in business or public administration or fifteen (15) years experience in a mid-sized local government in similar fire services.
(b) Appointment. The director of fire shall be appointed by the parish president with the approval of the council and shall devote his entire efforts to the purpose for which this office has been created and any other such activities and/or responsibilities as the parish president may direct.
[3] Section 2-213 provides:
Sec. 2-213. — Duties of director of fire.
The director of fire shall: (1) Provide policy development and management guidance in the areas of fire service as it relates to the East Bank Consolidated Special Service Fire Protection District and the Jefferson Parish Fire Training Center; (2) Direct the operations and administration of the East Bank Consolidated Special Service Fire Protection District and the Jefferson Parish Fire Training Center; (3) Prepare reports in operations, evaluating performance against established objectives, and special reports on operating problems or plans as required for the East Bank Consolidated Special Service Fire Protection District and the Jefferson Parish Fire Training Center; (4) Coordinate budget information activities in the East Bank Consolidated Special Service Fire Protection District and the Jefferson Parish Fire Training Center; (5) Be responsible for capital facilities planning as related to the East Bank Consolidated Special Service Fire Protection District and the Jefferson Parish Fire Training Center; (6) Plan long-range activities for the East Bank Consolidated Special Service Fire Protection District and the Jefferson Parish Fire Training Center; (7) Counsel with the emergency management director on policy decisions affecting fire services in Jefferson Parish; (8) Prepare policy statements and plans for fire services under the direction of the emergency management director; (9) Supervise all contracts for instructors for the Fire Training Center; (10) Counsel with the director of the office of telecommunications on policy decisions affecting fire services in Jefferson Parish relative to the Jefferson Parish Enhanced 9-1-1 system.
[4] La.Const. Art. X, § 16 provides:
A system of classified fire and police civil service is created and established. It shall apply to all municipalities having a population exceeding thirteen thousand and operating a regularly paid fire and municipal police department and to all parishes and fire protection districts operating a regularly paid fire department.
[5] La.R.S. 33:2541 provides:
§ 2541. Classified and unclassified service.
A. The classified service shall comprise every position, except those included in the unclassified service, to which the right of employee selection, appointment, supervision, and discharge is vested in the government of the municipality, parish or fire protection district as the case may be, under which the fire or police service functions, or in an officer or employee thereof, and which has as its primary duty and responsibility one of the following:
 (Fire)
1. The chief and assistant chiefs; the intradepartmental division, bureau, squad, platoon and company officers of the fire and police department. 2. Fire fighting and police. 3. Fire prevention; inspection. 4. Driving, tillering and operation of fire apparatus. 5. Operation and maintenance of radio, fire alarm or signal system. 6. Fire and police department instructors in employee training. 7. Fire salvage and overhauling services, and first aid. 8. Automotive or fire and police apparatus repairs, if such service is operated exclusively by and for the fire and police department. 9. Secretary to the chief and departmental records clerk.
B. The unclassified service shall comprise the following: 1. All officers, employees and positions of employment in the municipal, parish or fire protection district government not having as a principal duty one of the duties hereinabove provided in the classified service. 2. Officers elected by popular vote and persons appointed to fill vacancies in elective offices. 3. Secretaries, stenographers and all clerical positions not specifically included in the classified service. 4. Janitors, porters, elevator operators, chefs, kitchen helpers and workers, mechanic's helpers, car washers, unskilled labor or any part-time or temporary employee. 5. Any position of employment, the duties of which are included in the classified service, to which the right of employee selection, appointment, supervision and discharge is vested in and with those other than the municipal, parish or fire protection district government or an officer or employee thereof.