Dear Ms. Foshee:
You have asked us to review our previous released Opinion 11-0002 in light of several issues that you have brought to the attention of this office in your capacity as Parish Attorney for the Parish of Jefferson. In our original opinion, we found generally that a parish governing authority must cooperate with an investigation being conducted by the Parish Fire and Police Civil Service Board and if the parish governing authority were not cooperating, there were several mechanisms available to the Civil Service Board to compel cooperation. You have taken issue with the premise that the Parish has not been cooperative, pointing out that to your knowledge there was no active investigation of the position of Director of Fire of which the Parish had been made aware or for which parish cooperation had been requested. You have also advised that you are in the process of offering the cooperation of the Parish with respect to any such investigation that the Board might commence.
Again, we reiterate our longstanding practice of not making determinations of fact in general opinions. We answer the questions asked based on the facts that are presented by the requesting party. In some instances, we are asked to presume certain facts and base an opinion on the facts that are presented. Here, we gave our opinion that the Parish has an obligation to cooperate with an investigation being conducted by the Board and that the Board has several methods of compelling cooperation with the Board. We made no factual finding that the Parish had not been cooperating. To the contrary, you advise that Jefferson Parish stands willing to cooperate with the Board in an investigation of the Director of Fire position without compulsion, should an investigation be commenced and information be sought from the Parish.
The second issue you raise is that the original opinion was based, in part, on the erroneous assumption that the incumbent Director of Fire "is in fact serving as a Fire Chief." Our opinion was intended to point out the relevant considerations, *Page 2 
without resolving any disputed issues of fact, and without usurping the authority of the Board. Our intention was to point out that should the facts be analogous, the West v. Allen[1] decision might be of precedential value to the decision maker. To construe our opinion as declaring the creation of the position of Director of Fire as per se
violative of the police and fire civil service law is an incorrect interpretation of the legal conclusions expressed in the opinion and to the extent necessary our original opinion is amended and so clarified.
Finally, we address the proposition that our original opinion expressed any view whatsoever on the issue of any civil service rights that the recently resigned Director of Fire may or may not have. Our original opinion did not address the issue because that question was not presented. Any factual determinations regarding civil service status or rights therein, as our original opinion stressed, are left to the Board and/or the courts to make. Our opinion should not be read as favoring one position or the other in this regard.
We hope the foregoing is helpful to you. Should you have other questions with which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
By:_________________ RICHARD L. McGIMSEY DIRECTOR, CIVIL DIVISION
JDC:RLM/dam
[1] 382 So.2d 924 (La. 1980).